No. 8596.

SMITH v. MARTIN.

CONTRACT.—*Breach of, not to Carry on Business.*—An agreement not to sell milk in the town of C. is not violated by selling to another residing outside of C., at the farm of the first party outside of the town, merely with knowledge that the purchaser intends to retail the milk within the town.

SUPREME COURT.—*Instructions.*—No question upon the refusal to give instructions can be made in the Supreme Court unless all the instructions given are in the record.

PRACTICE.—*Harmless Error.*—If the court erroneously refuse to strike out a pleading, or part thereof, the error is harmless.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries*, for appellant.

*E. C. Snyder, A. Thomson, T. H. Ristine* and *B. T. Ristine*, for appellee.

MORRIS, C.—This suit was brought by the appellant against the appellee upon the following contract:

"This agreement witnesseth: That David H. Martin and Rice Reid, of the first part, have sold and transfered one milk wagon and the appurtenances to the same, and dairy routes in Crawfordsville, Montgomery county, Indiana, to Vincent Smith, of the second part, and in said sale, as part of the consideration entering into said contract, the said Martin and Reid engage with said Smith that they will not engage in the dairy business in said town so long as said Smith shall continue in said business on his own account. Now, in pursu-

ance of said agreement, the said Martin and Reid covenant and agree with said Smith, in the penalty of five hundred dollars, that they will not in any manner engage in dairy business or sale of milk in said town so long as said Smith shall continue in said business on his own account.  And it is expressly agreed, that the said sum of five hundred dollars shall be the ascertained and liquidated damages due the said Smith from the said Martin and Reid, or either of them, if either of them shall violate their engagement in the premises, to be recovered against them or either of them as other debts are recovered by suit.  And it is agreed that if said Smith shall sell said dairy this contract is to be void.  Witness our hands and seals, this 5th day of November, 1878.

"D. H. MARTIN,<br>"RICE REID."

It is averred in the complaint that the appellant had been, and continues to be, engaged in the dairy business and in selling milk in and about said town of Crawfordsville, which was known to the appellee; that for a year last past the appellee has, in violation of said contract, been continuously engaged in keeping at his farm, adjacent to said town of Crawfordsville, nine milch cows, which produced a large quantity of milk, which the appellee sold and caused to be sold in said town of Crawfordsville, to wit: fourteen gallons per day.  It is further averred that the appellee had been and is still furnishing to George Gunkle and Benjamin Oliver, who are rival dairymen to the appellant in said town, fourteen gallons of milk per day, to be sold in said town, and the appellee has been selling for a year past large quantities of milk to other dairymen, which he knew was to be sold by them in said town. The appellant demands judgment for $500.

The appellee demurred to the complaint.  The demurrer was overruled, and he then answered the complaint in four paragraphs, the first being withdrawn.

The paragraph of the answer numbered 2 admits the execution of the contract set out in the appellant's complaint;

states that the appellee owns a farm about one mile distant from the corporate limits of the town of Crawfordsville; that ever since the making of said contract he has kept on said farm nine milch cows; that he has, since the making of said contract, sold to said Gunkle and Oliver considerable quantities of milk on said farm, to wit: from six to eleven gallons per day; that said Gunkle and Oliver were, at the time he sold them milk as aforesaid, engaged in selling milk in said town of Crawfordsville; that he sold said milk to the said Gunkle and Oliver at his farm, and that neither of them resided in said town at the time; that he never sold or furnished any milk to any one residing in said town; that he never solicited any one living in said town to buy milk of him at his farm after the making of said contract, nor had he at any time sold milk on his farm to be sold to any one in said town, though those to whom he sold, were, so far as he was concerned, at liberty to sell wherever and to whom they pleased.

The third paragraph of the answer is the same as the second, except that it states that the appellee had, at the time he entered into the contract sued on, nine cows on his farm; that he could not dispose of them, and had to sell or waste the milk; that he did not sell for the purpose of violating his contract or injuring the appellant, etc.

The fourth paragraph admits the making of the contract sued on, but alleges that the appellee is a farmer, residing on his farm one mile distant from Crawfordsville; that he keeps nine cows; that they produce a large quantity of milk, which he has sold on said farm; but that he has not, since the making of said contract, sold any milk within the town of Crawfordsville, nor to any one living in said town, nor has he sold milk to any one to be sold in said town; that the number of cows by him kept is not more than is usually kept on a farm of the size of his.

The appellant moved the court to strike out the third and fourth paragraphs of the appellee's answer, on the ground that they were in substance the same as the second. He also

moved the court to strike out a part of the second paragraph of the answer. The motions were overruled.

The appellant replied by a general denial. He also replied specially, alleging that at the time the appellee made said contract, he had but two cows on his farm; that said Gunkle and Oliver were desirous of engaging in the business of selling milk in said town of Crawfordsville, but had no cows to produce the milk for said business; that it was agreed between them and the appellee that the latter should purchase cows and furnish them 14 gallons of milk twice a day; that they should solicit custom and sell the milk in said town; that the appellee was to have part of the profits of the business, to be paid by Gunkle and Oliver in the price which they were to give him for the milk to be furnished; that, in pursuance of said agreement, the appellee purchased the cows and furnished the milk as agreed, and the said Gunkle and Oliver sold the same in said town as promised, during the time mentioned in the complaint, which greatly damaged the appellant.

The appellee filed a demurrer to the reply, which was overruled. The cause was submitted to a jury for trial, who returned a verdict for the appellee. The appellant moved for a new trial. The motion was overruled, and judgment rendered upon the verdict in favor of the appellee.

The overruling of the motion for a new trial is assigned as error. Other errors are assigned, but they are all embraced in the one above stated.

There was no available error in overruling the appellant's motion to strike out the third and fourth paragraphs, and part of the second paragraph, of the appellee's answer. If there was any error in overruling the motion, it was harmless.

The first objection seriously urged to the ruling of the court is the refusal to give the third instruction asked by the appellant. But, as all the instructions given by the court are not in the record, we must presume in favor of the action of the court, that the ground of complaint was removed by other instructions given by the court of its own motion and in its

·own language. *Freeze* v. *DePuy,* 57 Ind. 188 ; *Bowen* v. *Pollard,* 71 Ind. 177.

The court, at the instance of the appellee, gave the following instructions :

" 2. The defendant had a right to sell at his farm, outside of the town of Crawfordsville, milk produced by cows kept outside of the town of Crawfordsville, to persons living outside of the town of Crawfordsville, although he knew at the time of such sale that the persons to whom he sold the milk intended to and did sell the milk in the town of Crawfordsville.

" 3. Selling at his farm, outside of the town of Crawfordsville, milk produced by cows kept by the defendant outside of the town of Crawfordsville, to persons residing outside of the town of Crawfordsville, knowing that the persons to whom it was sold intended to and did take it within the town of Crawfordsville for sale, and did in said town sell the same, would not be selling to a person to be sold in the town of Crawfordsville. To constitute a selling to be sold within said town of Crawfordsville, there must have been an understanding or agreement between the defendant and the person to whom the milk was sold, that the milk should be sold within the town of Crawfordsville. To make it a selling to be sold within said town, the understanding or agreement between the defendant and the person to whom the milk was sold must have been such that the person to whom the milk was sold could not sell it at any other place than in the town of Crawfordsville, without violating his agreement with the defendant. If the person to whom the milk was sold was at liberty to and could, without acting in bad faith with the defendant, sell the milk to whoever he might choose, it would not be a selling to be sold in the town of Crawfordsville."

The appellee bound himself by his agreement with the appellant, not to carry on the dairy business nor sell milk within the town of Crawfordsville. He did not engage not to sell milk or carry on said business elsewhere. Though the agree-

ment should be fairly construed in view of the objects and purposes of the parties to it, yet it can not be enlarged by construction, so as to extend the limits of the district in which the appellee was prohibited from doing business. *Roller* v. *Ott*, 14 Kan. 609 ; *Harkinson's Appeal*, 78 Pa. St. 196. The appellee could not, under the contract, establish a dairy and milk depot on his farm outside of the town of Crawfordsville, solicit custom from the town and supply its people with milk. But he might, without violating the letter or spirit of the contract, sell milk at any point outside of the town, to any one not living in the town, and who could not be, for that reason, a customer of the appellant. It follows that, if by the contract the appellee is not prohibited from selling milk outside of the town of Crawfordsville to persons not living in said town, the use which such persons might make of the milk purchased would not affect or in any way limit his right. Nor will his right to sell be controlled by his knowledge of the fact that the purchaser buys with the intention to resell within the prohibited territory. The purchaser would have the right to sell where he pleased ; with this the appellee would have no concern unless interested in the sales made.

It follows that the court did not err in giving the instructions requested by the appellee. The appellant refers us to the cases of *Duffy* v. *Shockey*, 11 Ind. 70 ; *Sander* v. *Hoffman*, 64 N. Y. 248 ; *Davis* v. *Barney*, 2 Gill & John. 382 ; *Hubbard* v. *Miller*, 27 Mich. 15. In the last case, the question was as to the validity of the contract. In the case of *Sander* v. *Hoffman*, the court held, very correctly we think, that a party who had sold the good-will of the business of supplying meat to the people in a certain locality, and agreed not to carry on the business in that locality, could not open up a place for business outside of the inhibited district, receive orders there and fill them by delivering the meat to the parties within the locality. In the case of *Davis* v. *Barney, supra*, the court held, laying much stress upon the word "indirect," as used in contract, that a party who had sold his interest as a stage proprietor,

on the Washington and Baltimore road, and pledging himself not to be concerned, " direct or indirect," in any line of stages in opposition, could not, without violating his contract, become instrumental in setting up or carrying on an opposition line of stages on said road, or aid in carrying on the same. The case of *Duffy* v. *Shockey, supra,* simply holds that a party who has agreed, for a sufficient consideration, not to start marble shops within a certain district, can not start such shops outside of such district, and then solicit custom within the district.

The instructions objected to proceed upon the ground that, had the appellee solicited patronage from the people within the town of Crawfordsville, or sold milk to any one living without the town for the purpose of having it sold by such person within the town, he would have been acting in violation of the contract. The instructions are to the effect that a knowledge on the part of the appellee, that the person offering to buy his milk intended to sell it in Crawfordsville, does not deprive him of the opportunity to dispose of his milk. That if his purpose is simply to sell his milk, and not to cause it to be sold within the town, he does not, by such sale, violate his contract with the appellant. We think the instructions are as favorable to the appellant as he could ask.

The appellant excepted to the following instruction given by the court of its own motion :

" If you should find from the evidence that the defendant executed the contract sued on, that afterward he went into the business of furnishing milk to Gunkle and Oliver outside of the town of Crawfordsville, and the sales of such milk to Gunkle and Oliver were made without any understanding on the part of the defendant and said Gunkle and Oliver, that the defendant should have any interest in the sales made by them in the town of Crawfordsville, you should find for the defendant."

There was no error in this charge, of which the appellant can complain. All the testimony in the case relating to sales of milk made by the appellee after the execution of the con-

tract sued on, and before the commencement of the suit, had reference to the facts recited in the charge. If, as stated in the charge, the appellee had no interest in the sales of milk made by Gunkle and Oliver in the town of Crawfordsville, though he had sold them the milk disposed of by them within the limits of the town, he was not liable.

The testimony tended to support the verdict of the jury; it was not contrary to the evidence, nor was it contrary to law. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.