Grave *v.* Bunch.

No. 8534.

## GRAVE *v.* BUNCH.

MORTGAGE.—*Foreclosure.— Wife's Inchoate Interest in Real Estate Sold on Execution.*—A wife, whose inchoate interest in land has become absolute, under the act of 1875, section 2508, R. S. 1881, by reason of the sale of the land under execution against her husband, has the right, upon foreclosure of a prior mortgage which she had joined her husband in executing, to an order that the other two-thirds of the land be exhausted before resort is had to her portion for the satisfaction of the decree.

SAME.—*Decree of Foreclosure.—Assignment.—Joint Judgment.—Debtor's Lien. —Complaint.—Action to Compel Sale of Premises.*—When a mortgage has been foreclosed upon land owned by A. and B., and it has been ordered in the decree, that A.'s interest be exhausted before resort to that of B., and A. afterwards takes an assignment of the decree to himself, and neglects and refuses to take out an order of sale, doing this for the purpose of accumulating interest on the decree, until the sum due shall exceed the value of his interest in the land, B., upon proper complaint, may have an order upon A. to proceed to sell under his decree, or that, in default of his so doing, B.'s share of the land shall be discharged from the lien of the decree, and such complaint need not aver an offer to execute an indemnifying bond before bringing the action.

From the Randolph Circuit Court.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellant.

*J. J. Cheney, J. S. Engle* and *L. W. Study,* for appellee.

WOODS, J.—The appellant claims error in the overruling of his demurrer to the complaint, and in the conclusions of law upon the facts.

We have no brief from the appellee. The facts stated in the finding are substantially the same as are alleged in the complaint; and the following summary will be sufficient for an understanding of the questions to be decided:

The appellee joined her husband, Augustus Bunch, in the execution of two mortgages upon his land to secure the repayment of money loaned to him by the respective mortgagees; after the making and recording of the mortgages, the appellant recovered a judgment against said Augustus, and,

by virtue of an execution thereon, caused the mortgaged land to be sold, became himself the purchaser, and, having in due time received the sheriff's deed, brought an action for the recovery of possession from the appellee and her husband. In this action the appellee filed a cross complaint, claiming that under the act of March 11th, 1875, her inchoate right had become absolute, and accordingly obtained an order that the same be set off to her, which, upon the report of commissioners appointed in that case to make the partition, was done and confirmed by the court. In the mean time the appellant had procured an assignment of one of the mortgages aforesaid, and, the holder of the other mortgage having brought an action to foreclose, the appellant filed his cross complaint for a foreclosure of the mortgage assigned to him; and thereupon the appellee filed a plea, setting up the facts already stated, and praying that the portion of the mortgaged premises set off to the appellant be first subjected to the payment of such sums as should be found due upon the mortgages, her portion to be held only for the remainder, if any. The decree was rendered accordingly, the amount found due the original plaintiff being $386.52, and the sum due the appellant upon his cross complaint being stated at $1,155.83, besides costs; that portion of the land which had been set off to the appellant was worth $1,925; while the appellee's portion was worth, at the commencement of this suit, $700.

After the rendition of the decree of foreclosure, the appellant purchased of the original plaintiff his interest therein, and so became and remained the sole owner of the entire decree, and has possession of the lands set off to him, which were declared primarily liable for the payment of the decree. Before bringing this action the appellee requested the appellant to procure the issuing of an order of sale upon the decree and to cause the lands to be offered for sale in the order named in the decree.

The complaint concludes with a prayer that the appellant be compelled to take out an order of sale, and to proceed

thereunder, or, in default, to release the appellee's land from the decree, and that the court make such orders about the cost of the issuing of the decree and execution as in equity and justice will protect the defendant, etc.

The conclusions of law stated are in effect that the plaintiff was entitled to the relief prayed, upon filing a "bond in $500 with sufficient surety indemnifying the defendant against all loss, cost or expense, including cost of this action, if said real estate shall fail to sell for a sum sufficient to satisfy the defendant's judgment and costs; and if said bond be not filed within twenty days, the plaintiff to be liable for the costs of this suit." The bond was filed and judgment given for the appellee.

The argument made in behalf of the appellant is directed in part against the right of the appellee to have the appellant's portion of the mortgaged land first sold and exhausted before resort to her portion. But that right was settled in the foreclosure suit, and if the appellant desired to dispute the correctness of the decree in that respect, he should have saved the question in that action and taken an appeal from the decree. That that decree was right, however, see *Medsker* v. *Parker*, 70 Ind. 509; *Leary* v. *Shaffer*, 79 Ind. 567.

When, therefore, this suit was commenced by the appellee, it had already been judicially determined in her favor, in an action to which the appellant was a party, that the appellant's, land ought to be sold before hers. It may be that, in strictness, this did not warrant the conclusion stated by the court, in this case, "that the plaintiff stands in said judgments in the relation of a surety." She is not strictly a surety in the judgments, because not personally liable; nevertheless, her portion of the land being subject to the decree, and liable to be sold after that of the appellant should be exhausted, her right was and is analogous to that of a surety, and should be protected in the same manner and to the same extent, so far as equitable principles and procedure will permit.

Because not personally liable as a surety, the appellee is not within the letter of the statutory provisions for the bene-

fit of sureties, and there may be doubt whether she was entitled to pay to the appellant or to his assignors the amounts due upon the decree of foreclosure, and, by subrogation, to preserve the decree alive and enforce it against the appellant's land for her reimbursement. Without deciding whether she might have pursued that course, we are of opinion that she was not bound to, but, on the contrary, was entitled to stand by the terms of the decree of foreclosure, as rendered; and, upon showing, as she had alleged, that the appellant's part of the property was equal in value to the amount due upon the decree, with interest and costs, but that, the sale being delayed, the amount necessary to satisfy the decree, which was drawing ten per cent. interest, would soon exceed the value of that portion of the land; and that, presumably for the purpose of reaching her part of the land, the appellant was delaying, and had refused at her request, to take out an order of sale, she was entitled to a decree that he promptly pursue his lawful remedy, in accordance with the terms of his decree, or, in default, that her portion of the property be released from the lien of the decree. This is in strict analogy to the relief which, in equity, independent of statutory provisions, was wont to be administered in favor of sureties, and of those standing in like relations. In Story, 1 Eq. Jur., section 327, it is said: "And although * the creditor is not bound by his general duty to active diligence in collecting the debt, yet it has been said that a surety, when the debt has become due, may come into equity, and compel the creditor to sue for, and collect the debt from the principal; at least if he will indemnify the creditor against the risk, delay, and expense of the suit." See also Brandt Suretyship, section 205, p. 290; 2 Brown Ch. Rep. 452, note (a).

It is strenuously insisted that the complaint in this case is insufficient, and the conclusions stated wrong, because it is not alleged or found that the appellee, before commencing the action, tendered to the appellant, or offered to execute, an indemnifying bond against the risk, delay and expense which he might incur.

The rule doubtless is, as indicated above, that a surety, who would compel the creditor to sue, should execute, or at least offer to execute, such bond.    At the same time the creditor, by refusing to act, might waive the formality, and if the surety, in his complaint, alleged the refusal, and his readiness to comply with such order as the court should make in respect to the indemnity, it would seem that it ought to be sufficient, unless it appeared, or was made to appear by answer, that the refusal of the creditor was on account of the failure to offer the indemnity.

The case before us, however, is plainly different from the case of an ordinary surety, bound personally with his principal for the payment of a debt not otherwise secured.    In such case the propriety of requiring an indemnity in order to compel a suit against the principal debtor, who may be insolvent, is manifest; but in this case the suit had already been instituted and carried to a final decree, which declared the duty of the plaintiff to exhaust first a particular property, which is shown in this case to be ample in value for the payment of the decree, and if it proved insufficient the appellant still had his remedy against that portion of the land which had been set off to the appellee, of which remedy, we may fairly infer, the appellant greatly desired the opportunity to avail himself.    There was no risk of harm, delay, or cost to the appellant, except the delay which might accomplish his purpose to absorb the property of the appellee or some portion of it, and yet the prayer of the complaint was, as we have seen, that the court make such order concerning the costs as was necessary for the appellant's indemnity, and in accordance with the order made, a bond was given, conditioned that the land sold in the order named in the decree, should sell for enough to pay the decree, with interest and costs.

If, therefore, it were conceded that the better practice requires, in such cases, the formal offer to execute the proper indemnity, the failure to do it in this instance is not an error for which the judgment ought to be reversed.

Judgment affirmed.