Main et al. v. Ginthert.

Filed Dec. 15, 1883.

---

### No. 10,308.

### MAIN ET AL. v. GINTHERT.

MORTGAGE.— *Foreclosure.—Receiver.—Rents and Profits.— Insolvency.*—A receiver may be appointed in actions to foreclose mortgages, to take charge of the rents and profits, when the security is inadequate, and the mortgagor or other person primarily liable to pay the indebtedness, and whose duty it is to make good any deficiency in the security, is insolvent.

Main *et al. v.* Ginthert.

SAME.—*Married Woman.*—*Execution.*—*Judicial Sale.*—*Marshalling Securities.*—When a wife joins her husband in the execution of a mortgage of his lands to secure his debt, and her inchoate interest afterwards becomes absolute by reason of a sheriff's sale, according to R. S. 1881, section 2508, it is her right to have the other two-thirds of the land exhausted by the mortgage before resort shall be had to her interest, and upon suit to foreclose, if the two-thirds be insufficient in value to satisfy the mortgage, and the husband have no other property subject to execution and be insolvent, she is entitled, pending the suit, to have a receiver appointed to take charge of the rents and profits of the two-thirds, so that, if necessary, they may be applied upon the debt.

PRACTICE.—*Time to Plead.*—The mere refusal to extend time for answer, where no reason appears in support of the application, is not error.

SAME.—*Special Demurrer.*—A special demurrer is not warranted by the code of civil procedure.

SAME.—*Appeal from Interlocutory Order Appointing Receiver.*—On appeal from an interlocutory order appointing a receiver, no question can be presented except such as immediately led to the appointment.

SAME.—*Striking Out.*—A refusal to strike out part of a pleading is not an available error.

From the Harrison Circuit Court.

*W. T. Zenor* and *S. J. Wright,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

NIBLACK, J.—On the 29th day of July, 1876, Philip Ginthert executed his promissory note to Jacob Ginthert for the sum of $3,000, payable five years after date, without relief, and with eight per cent. interest from date until paid.

On the same day the said Philip Ginthert and his wife, Eliza Ginthert, executed a mortgage on several tracts of land in Harrison county, to the said Jacob Ginthert, to secure the payment of this note, the mortgage containing an express stipulation that such was the purpose of its execution. To this stipulation, however, was added the words: "The above obligation is given to save the said Jacob Ginthert harmless as surety for the said Jacob Ginthert in the said sum of $3,000."

On the 31st day of July, 1876, the mortgage was duly recorded in the recorder's office of Harrison county. Afterwards, on the 13th day of December, 1879, the said Jacob Ginthert, by endorsement in writing, assigned and transferred

| 92 | 180 |
| 162 | 276 |

| 92 | 180 |
| 168 | 136 |
| 168 | 628 |

the note and mortgage, severally executed to him as above, to one Anthony Kannapel.

On the 23d day of August, 1881, Kannapel commenced this suit in the Harrison Circuit Court against Philip Ginthert and Eliza Ginthert, the mortgagors, to foreclose the mortgage, charging, amongst other things, that at the time of the execution of the mortgage Jacob Ginthert, the mortgagee, was surety for the said Philip for the payment of certain debts, enumerating them, which amounted to more in the aggregate than the face of the note described in the mortgage; that the mortgage was, in fact, one of indemnity only, the object of its execution being simply to save the said Jacob harmless on account of his suretyship for the said Philip; that the said Jacob had been compelled to pay, and had paid, all of the debts so enumerated in the complaint, and for which he was surety as therein stated.

At the ensuing September term of said court Reuben P. Main, George Kuhbach and Daniel McCulloch appeared to the action and were admitted as co-defendants with the mortgagors, upon the alleged ground that they had, since the execution of the mortgage, become the owners by purchase at sheriff's sale of two undivided thirds parts of the mortgaged lands, and had a valid defence to the action.

These newly admitted defendants then demurred to the complaint, for want of sufficient facts, and upon the ground that Kannapel had no legal capacity to maintain the action; but their demurrer was overruled.

They then answered in several paragraphs, and also filed a cross complaint against the plaintiff and their co-defendants, demanding to have their title to two-thirds of the mortgaged lands quieted.

By their answer and cross complaint, it was made to appear that these defendants claimed to have recovered judgments against Philip Ginthert, at the September term, 1876, of the Harrison Circuit Court, for the gross sum of $1,444.15, and to have become the purchasers at sheriff's sale, upon ex-

·ecutions issued upon such judgments, of all the interest of Philip in the lands described in the mortgage; also, that their chief defence was that Jacob Ginthert had not been compelled to pay, and had not actually paid, and would not have to pay, any sum of money as the surety of the said Philip.

Eliza Ginthert answered in general denial, and filed a cross ·complaint against the plaintiff and her co-defendants Main, Kuhbach and McCulloch. In her cross complaint she charged that at the time her said co-defendants obtained their said several judgments against the said Philip Ginthert, she was, as she still is, the wife of the said Philip; that after these ·co-defendants became the purchasers of the lands described in the complaint, as well as the mortgage under such judgments, and had received a sheriff's deed therefor, in certain proceedings instituted by them against her and her husband in the Harrison Circuit Court, a certain part of said lands ·was set apart to her in severalty and in fee simple, describing such part by metes and bounds, as and for her interest in such lands as the wife of the said Philip, which had become absolute under the laws of this State; that afterwards the said Main, Kuhbach and McCulloch· entered into the possession of all the mortgaged lands except such as had been set off to her in severalty as above; that the said Philip had no property, other than the lands contained in the mortgage, out of which any part of the debt secured by the mortgage could be made, and that the mortgaged lands remaining, after deducting the part which had been so set off to her, were not sufficient in value to pay the aggregate sum of money which the mortgage was given to secure. Wherefore the said Eliza, ·as cross complainant, prayed that in case judgment should be rendered for the foreclosure and sale of the mortgaged lands, the court would order and direct that so much of said lands as had not been set off to her in severalty, and the rents and profits thereof, might be first sold to satisfy the amount which might be found to be due the plaintiff; that during the pendency of the suit, such rents and profits might be applied in

payment of the mortgage debt; that a receiver should be appointed to take charge of such rents and profits, and for all other proper relief. This cross complaint was verified by the oath of the cross complainant.

The defendants Main, Kuhbach and McCulloch appeared to the cross complaint, and entered motions to strike out parts of it, and especially so much as asked for the appointment of a receiver, but the court refused to strike out any part of the cross complaint.

They then demurred to the cross complaint for want of sufficient facts, and their demurrer was also overruled. They thereupon filed another demurrer to the cross complaint, which they denominated a special demurrer, upon the alleged ground that it did not state facts sufficient to authorize the appointment of a receiver.

Five or six days later in the same term these defendants asked to have a rule, which had been entered against them to answer the cross complaint, extended. The court extended the rule as to all matters charged in the complaint except as to so much of it as related to the appointment of a receiver, which the court proceeded at once to consider.

The court came to the conclusion that, upon the facts averred in the cross complaint, a receiver ought to be appointed, and, accordingly, appointed John Frederick Elwanger receiver, to receive and take charge of the rents and profits of so much of the mortgaged lands as were claimed by, and were in the possession and under the control of, the defendants Main, Kuhbach and McCulloch, and to hold such rents and profits subject to the further order of the court concerning the same.

This is an appeal from the interlocutory order appointing Elwanger a receiver in the cause, under section 1231, R. S. 1881, and is prosecuted only by Main, Kuhbach and McCulloch against Eliza Ginthert, as being the parties more immediately affected by that order.

Error is assigned : *First.* Upon overruling the motions of the

appellants to strike out parts of the appellee's cross complaint. *Second.* Upon the overruling of the demurrer of the appellants for want of sufficient facts to the cross complaint. *Third.* Upon the refusal of the court to grant further time to answer so much of the cross complaint as related to the appointment of a receiver. *Fourth.* Upon the order of the court appointing a receiver. *Fifth.* Upon the overruling of the demurrer of the appellants to the complaint of Kannapel, the plaintiff. *Sixth.* Upon the overruling of the special demurrer of the appellants to so much of the cross complaint as demanded the appointment of a receiver.

As to the first assigned error it may be said that a refusal to strike out a part or parts of a pleading, even if erroneous, will not warrant the reversal of a judgment. Such a refusal at most only leaves surplusage in the record, and does not vitiate that which is well pleaded. *Mires* v. *Alley*, 51 Ind. 507; *Smith* v. *Martin*, 80 Ind. 260 (41 Am. R. 806); *Hewitt* v. *Powers*, 84 Ind. 295; *Lowry* v. *McAlister*, 86 Ind. 543.

The second assignment of error presents a question which requires greater and more extended consideration.

The jurisdiction of courts of equity in the matters of the appointment of receivers over mortgaged property for the protection of mortgagees, or in aid of suits for the foreclosures of mortgages, is well established and has long been exercised by such courts both in England and in this country. To authorize the appointment of receivers, however, in such proceedings, as indeed in all other cases, some strong and special reason must be shown for the granting of such relief. Stated in general terms, courts of equity will appoint receivers in actions to foreclose mortgages, when the security is inadequate, and the mortgagor or other person primarily liable to pay the indebtedness, and whose duty it is to make good any deficiency in the security, is insolvent. When these facts are affirmatively shown, a receiver may and generally ought to be appointed to take charge of the rents and profits of the mortgaged property, although such rents and profits may not

have been pledged as security for the mortgage debt.    High Receivers, sections 639, 666; Edwards Receivers, 356; Jones Mort., section 1516, 1532, 1533.

This rule is fully recognized by the fourth clause of section 1222 of R. S. 1881.    See, also, *Connelly* v. *Dickson,* 76 Ind. 440.

Where, as in this case, a wife has joined her husband in the execution of a mortgage on his real estate to secure a debt due from him, and her inchoate interest in the mortgaged lands has from some cause become absolute, she is, upon a foreclosure of the mortgage, entitled to an order that the two-thirds of the lands to which she has no claim shall be first offered and exhausted before a resort shall be had to her interest in the mortgaged property, upon the theory that she occupies a relation to the mortgage somewhat analogous to that of surety for her husband.    *Medsker* v. *Parker,* 70 Ind. 509; *Haggerty* v. *Byrne,* 75 Ind. 499; *Leary* v. *Shaffer,* 79 Ind. 567; *Grave* v. *Bunch,* 83 Ind. 4.

The fair inference from the facts averred in Mrs. Ginthert's cross complaint is that the mortgaged property, aside from her interest in it, was insufficient to pay the mortgage debt, and that her husband had no other or remaining property out of which the deficiency could be made. This was the equivalent of an averment that her husband was insolvent, and that her property would have to make up whatever deficiency may remain after her husband's late interest in the mortgaged lands may fail to pay.

The right to have a receiver appointed, in aid of proceedings to foreclose a mortgage, does not rest exclusively with the mortgagee, or his assigns, but may be exercised by any other party to the proceeding, when necessary to protect his interests in the subject-matter of the litigation.    The demurrer to the appellee's cross complaint appears to us to have been correctly overruled.

All the presumptions go in favor of the proceedings below, and as no cause seems to have been either suggested or

shown for an extension of time to answer the cross complaint, we must assume that the third error is not well assigned.

What we have said as to the sufficiency of the cross complaint carries us to the inevitable conclusion that a good *prima facie* case was made by it for the appointment of a receiver, and that for that reason a receiver was properly appointed.

When this appeal was taken, it left all the proceedings in the cause, except those which immediately led to the appointment of a receiver, open and undetermined, and consequently still within the control of the circuit court. No question is therefore now presented upon the sufficiency of the complaint filed by Kannapel, the plaintiff.

As to the assignment of mortgages of indemnity, however, see *Carper* v. *Munger*, 62 Ind. 481. As to the foreclosure of that class of mortgages, see Jones Mort., sections 383, 1489; *Mayer* v. *Grottendick*, 68 Ind. 1; *Gunel* v. *Cue*, 72 Ind. 34; *McFadden* v. *Hopkins*, 81 Ind. 459; *Loehr* v. *Colborn*, *ante*, p. 24.

Under our present code no such a pleading as a special demurrer is recognized or provided for. The circuit court did not, in consequence, err in overruling what the appellants called their special demurrer to the appellee's cross complaint. *Graham* v. *Martin*, 64 Ind. 567.

The judgment ordering and appointing a receiver in the cause is affirmed, with costs.

Filed Dec. 19, 1883.