Cupp *et al. v.* Campbell.

Filed Oct. 9, 1885.

No. 11,992.

Cupp et al. *v.* Campbell.

MARRIED WOMAN.—*Mortgage of Separate Land to Secure Husband's Debt.— Contract of Suretyship.*—Under section 5119, R. S. 1881, a mortgage executed by a wife upon her separate land to secure her husband's debt, is a contract of suretyship, and void.

SAME.—*Mortgage to Pay Prior Encumbrance.*—Where a part of the money secured by the mortgage is applied to the payment of a valid prior encumbrance on the wife's land, to that extent she is principal and the mortgage binding. *Aliter*, if the prior encumbrance is void, *e. g.*, where the land was acquired by the wife by devise and was mortgaged to secure her husband's debt while the act of 1879, making void an encumbrance of land so acquired, for such purpose, was in force.

SAME.—*Inchoate Interest.*—Where a wife joins in a mortgage of her husband's real estate, it is not, as to her inchoate interest, a contract of suretyship within the meaning of section 5119, R. S. 1881.

SAME.—*Foreclosure.—Burden of Issue.*—Where it is sought to foreclose a mortgage or enforce a contract against the separate property of a married woman, the plaintiff must aver and prove that the mortgage or other contract was one which she had the power to make. As to the mortgage, it is *prima facie* a sufficient answer for the wife to aver her coverture, and that the real estate is her separate property, and that the debt is her husband's.

SAME.—*Estoppel.*—A married woman may be bound by an estoppel *in pais*, but in the absence of fraud, misrepresentation or concealment, she is not estopped by the mere form of a contract which she had no power to make.

SAME.—*Duty of Mortgagee to Inquire as to Consideration.*—One contracting an encumbrance on the property of a married woman is bound to inquire concerning the consideration, whether it is for her benefit or for the benefit of another, and unless misled by her conduct or misrepresentations he will be held to have acquired a knowledge of the facts which prudent inquiry would have disclosed.

SAME.—*Protection of Inchoate Interest.*—*Semble,* that the protection of her inchoate interest in her husband's land is such a benefit as will uphold a mortgage on her separate estate to raise money for that purpose; but it must appear that she contracted with that object in view, or that the benefit actually resulted.

PRACTICE.—*Sufficiency of Answer.—Supreme Court.*—The sufficiency of an answer must be primarily questioned in the trial court, and the overruling of a demurrer to the reply is not available for this purpose.

PLEADING.—*Bad Reply Sufficient for Bad Answer.*—A bad reply is sufficient for a bad answer.

From the Hamilton Circuit Court.

*W. Booth,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellee.

MITCHELL, C. J.—This action was brought to foreclose a mortgage, executed by Elizabeth and Jacob B. Cupp, to one Wainwright, and by him assigned to Eliza M. Campbell.

The facts upon which the questions for decision arise are fairly set out in a special finding of the court. Briefly stated, they are as follows: Jacob B. and Elizabeth Cupp were, at the date of the execution of the mortgage in suit, husband

and wife. The husband owned sixty acres of land in his own right, the wife, at the same time, being the owner of fifty-three acres, the title to which she acquired by devise from her father. On March 3d, 1880, Cupp and wife joined in a mortgage of her land to secure a debt owing by him which, at the date the mortgage in suit was executed, amounted, with interest, to $555.46. The husband's land was, at the same time, subject to two mortgages, amounting to over $1,800. Upon one of these the land had been sold but was still subject to redemption. For the purpose of paying off the husband's debts and discharging the encumbrances on the lands of both, a loan of $2,600 was negotiated with Wainwright, which was secured by the joint notes of Cupp and wife and their joint mortgage on their respective tracts of land. The money borrowed was applied, so far as required for that purpose, to the discharge of the husband's debts, which were secured as stated; the residue was used by the husband, and the respective mortgages were cancelled.

It was found by the court, "that the defendant Elizabeth executed the mortgage and notes sued on herein as surety for her husband Jacob, and the debt evidenced thereby was and is the debt of her said husband; that at the time of the execution of said mortgage she and her husband read it over, but by reason of inexperience in business she did not fully comprehend the legal effect of the following clause in said mortgage, to wit: 'This mortgage is not made for the purpose of securing or paying debts contracted by my husband Jacob Cupp;' that it was no fault of the mortgagee that they did not understand it, but the latter was not deceived or misled thereby, as he knew that the debts to be paid were the husband's, and that the money was to be used in discharge of said encumbrances on said real estate of said defendants." The court also found that Mrs. Campbell purchased the notes and mortgage sued on in good faith, without any knowledge that they were given to secure the husband's debt, and that

she relied on the statement contained in the mortgage which was duly recorded.

Upon the facts found, the court stated as conclusions of law, that as to the separate property of the wife, the mortgage was void, and that as to her the notes were void also. As to the land belonging to the husband, it was stated as a conclusion of law, that the plaintiff was entitled to a decree of foreclosure against both.

Plaintiff and Mrs. Cupp excepted to the conclusions of law, and both assign for error, on this appeal, that the court erred in its conclusions of law.

On behalf of Mrs. Cupp, who prosecutes the appeal, it is contended that the facts found make the notes and mortgage, as to her, a contract of suretyship, and that as such it was void under section 5119, R. S. 1881, as well in respect of her inchoate interest in her husband's land as in respect of her separate estate. Concerning this contention, it may be said that while it has been held that a wife who joins her husband in a mortgage upon his real estate occupies, as to her inchoate interest therein, a relation so far analogous to that of a surety as that she has a right to an order directing that the two-thirds of the lands mortgaged be first sold to satisfy the debt, as in *Leary* v. *Shaffer*, 79 Ind. 567, *Grave* v. *Bunch*, 83 Ind. 4, *Main* v. *Ginthert*, 92 Ind. 180, it has nevertheless been distinctly ruled, as we now again hold, that the contract in such case is not one of suretyship within the meaning of the statute. *Leary* v. *Shaffer, supra; Grave* v. *Bunch, supra; Dodge* v. *Kinzy*, 101 Ind. 102.

In behalf of the appellee, it is argued that upon the facts found it results as a conclusion of law, that the wife occupied the relation of principal to the extent that the money borrowed was obtained for the purpose and applied to the removal of the prior mortgage on her separate estate. The consideration of the prior mortgage was conceded to be the husband's debt, and it was executed while the statute of 1879 was in force. This statute enacted that "A married woman

shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person." Acts 1879, p. 160, sec. 10.

The court having found that Mrs. Cupp acquired her land by devise, the prior mortgage was directly within the prohibition of the statute, and was therefore void.

Counsel argue that so much of the finding of the court as states that the title of the wife was acquired by descent is outside of any issue made in the pleadings, and that, under the rule in *Boardman* v. *Griffin,* 52 Ind. 101, and *Town of Cicero* v. *Clifford,* 53 Ind. 191, it can not be considered.

This argument rests upon the assumption that it was necessary for the wife in her answer to aver a state of facts from which her want of power to execute the mortgage, so far as it affects her lands, would affirmatively appear. This assumption is erroneous. We held in *Vogel* v. *Leichner,* 102 Ind. 55, upon consideration of the question, that where it was sought to enforce a contract against the property of a married woman, the plaintiff must aver and prove that the contract was one which she had the power to make.

As was said in the case of *Bowman* v. *Kaufman,* 30 La. An. 1021, " Nothing is better settled than that the debt must be shown affirmatively to have enured to her benefit, when a party is seeking to enforce it against a wife, * * and the fact that she is separated in property from him does not change the nature of the proof required, nor shift the burthen of proof." *Brown* v. *Will, ante,* p. 71.

The plaintiff having declared upon the notes and mortgage, it was *prima facie* a sufficient answer for the wife to aver her coverture, as to the notes, and, as to the mortgage on the fifty-three acres, to add the fact that it was her separate property, and that the debt was her husband's. This cast upon the plaintiff the burden of avoiding her presumptive disability to bind herself by the notes, and her separate estate by the mortgage, by replying a state of facts from which it would

be made to appear that they were executed upon a consideration which was intended either for her benefit or for the benefit of her estate. This the plaintiff assumed to do, by replying the previous encumbrance on her land, and by averring that it was a "valid lien," and alleging further that $555.46 of the money borrowed and secured by the mortgage in suit was applied to the discharge of the prior encumbrance. The averment in the reply that the prior encumbrance was a valid lien, although a conclusion of law, necessarily embraced a statement of all facts essential to make it a valid lien. One fact necessary to make it a valid lien, the reply having conceded that the debt was the husband's, was that the title to the land should have been acquired in some other way than by "descent, devise or gift." Although the reply was inherently bad, inasmuch as it was filed by the appellee, and held good by the court, it will be treated here, as against the appellee, as though all the facts and conclusions therein stated were well pleaded. It can not, therefore, be said that the finding of the court, that the land was acquired by devise, was not within the issue.

The mortgage which was discharged having been given to secure the debt of the husband, and the land having been acquired by devise, it results that the mortgage thus given was void within the terms of the statute, and the question which remains is, can the wife be held on the notes, and the mortgage in suit be enforced against her separate property, to the extent that the money secured thereby was used in discharging the invalid prior mortgage?

We think this question must be answered in the negative. It was determined in *Vogel* v. *Leichner, supra,* that the note of a married woman, secured by a mortgage on her separate estate, given to secure a loan of money with which to discharge a prior valid encumbrance, even though such prior encumbrance was for the debt of her husband, did not constitute a contract of suretyship within section 5119, R. S. 1881. This section prohibits a married woman from en-

tering into a contract of suretyship, in any manner whatever, and declares all such contracts void as to her. That a mortgage executed by a wife upon her separate property, to secure the debt of her husband, is a contract of suretyship, and that such contracts are invalid, is now the settled law of this State. *Trentman* v. *Eldridge,* 98 Ind. 525; *Vogel* v. *Leichner, supra; Dodge* v. *Kinzy, supra,* and cases cited.

Where her estate is encumbered in such manner as that she is exposed to the hazard of losing it, even though such encumbrance is for the debt of another, it is manifestly beneficial that she should have the power to relieve it from the peril of such encumbrance, and when she and her husband contract a loan for that purpose, it can not be said that the consideration for such loan does not enure to her benefit. Where, however, an encumbrance is made on the wife's separate estate, to pay the husband's debt, or to remove an encumbrance which by the very terms of the statute she had no power to make, and which exposes her land to no peril whatever, we can discover no ground upon which it can be said that the consideration for an encumbrance so made enured to the benefit of the wife. One seeking to enforce a mortgage against the separate estate of a married woman must show by proof *aliunde* that the debt secured by the mortgage was either the debt of the wife, or that it enured to the benefit of her separate estate. *Bowman* v. *Kaufman, supra.* And if nothing further can be shown than that it was to pay the husband's debt, to secure which a mortgage had previously been made, which was within an absolute statutory prohibition, we think there is a failure of proof. Unless there is at least a *bona fide* question as to the validity of the encumbrance, resting on some apparent foundation, the contract is one of suretyship within the terms of the statute. *Warey* v. *Forst,* 102 Ind. 205.

It is argued that because the wife joined in the execution of the notes and mortgage, and so far contracted as principal in making the loan, she thereby recognized the validity

of the prior mortgage, and that she is now estopped to assert its invalidity. The fact must be held in view, that all contracts of a married woman, the consideration of which moves to another, and which does not go to benefit her or her estate, are contracts of suretyship, and against all such contracts the statute interposes its prohibition by depriving her of the power to make them. She can not, therefore, be estopped into a contract which she had no power to make, by the form in which it is expressed. *Behler* v. *Weyburn,* 59 Ind. 143.

While it is true that a married woman is now subject to an estoppel *in pais,* like any other person, she is not to be estopped in any manner different from any other person. Some element of fraud, misrepresentation or concealment must enter into her conduct, so that the estoppel shall be predicated upon tort, and not upon contract. A married woman has no more right to injure or mislead others by her conduct or representations than if she were *sui juris,* and where it is made to appear that by fraud, misrepresentation or concealment, she has led one into contracting with her as principal, she will not be permitted to gainsay such representations as may have induced another to act who in good faith relied on them. *Oglesby Coal Co.* v. *Pasco,* 79 Ill. 164; *Powell's Appeal,* 98 Pa. St. 403; Bigelow Estoppel, 513; Cooley Torts, 117.

One contracting an encumbrance on the estate of a married woman can not, however, deal with her at arm's-length, knowing that she is married, and that by law she is prohibited from contracting for the benefit of another; and, knowing that she is about to encumber her separate estate in his favor, he is bound to inquire concerning the consideration, and ascertain, if he may, by reasonable inquiry from her, whether it is for her benefit or for the benefit of another, and unless misled by the conduct or representations of the wife, he will be held to have acquired a knowledge of the facts which prudent inquiry would have disclosed.

The statute removing the disabilities of married women, to the extent that it does, was enacted to enable them to protect themselves and their property, and the prohibition against their making contracts of suretyship was designed to prevent them absolutely from making any contract, of which it was the intent that another should reap the benefit. The policy of the statute seems to be that to the extent that a married woman makes a contract, the purpose of which is to enable her more completely to use or enjoy her separate estate, such contract will be upheld; whenever it passes beyond this limit, it is prohibited. Considering the importunities to which they are liable, the statute should be construed so as to answer the purpose for which it was enacted.

It is suggested in the argument that the discharge of the encumbrances on her contingent interest in her husband's land was a sufficient consideration to make her a principal so far as the contract related to her separate estate, as was held in *Perkins* v. *Elliott,* 8 C. E. Green, 526. It might well be that the protection of her inchoate interest in her husband's land would be such a benefit as would make it within the power of the wife to mortgage her separate estate to raise money for that purpose. But to uphold an encumbrance of the wife's separate estate on that ground, it is apprehended that it must either appear that the wife contracted it with that end distinctly in view, or that it resulted in relieving her inchoate interest to such an extent that it could be said that she actually received the benefit of the consideration. In the case before us, it is neither averred in the pleading nor found by the court that the wife executed the mortgage with any such purpose in view, nor did it result in any actual benefit to her interest in her husband's land.

After the mortgage was made on her land, her interest in her husband's was by the same instrument encumbered as much as it was before. As we said in *Vogel* v. *Leichner, supra,* where a wife contracts for a benefit to herself or her estate, and is principal in fact as well as in form, she will be

permitted to exercise her judgment and will be held to her contract as any other person, even though disappointed in the result, but it must appear that she did contract for and upon a consideration moving to herself or going to the benefit of her estate, and not for the benefit of another or upon a consideration to be received or already had by another. That she encumbered her land for her husband's debt, which was no encumbrance on her land, or to pay debts of her husband which encumbered his land, but which left it as much encumbered after the mortgage as before, can not be said to be a contract, the consideration of which moved to the benefit of the wife or to the benefit of her estate, either present or contingent.

Error is assigned by the parties respectively upon the ruling of the court in overruling the defendants' demurrer to the plaintiff's reply to the separate answer of Mrs. Cupp.

The appellee contends that as the answer was pleaded in bar of the whole complaint, as well to that part of it which proceeded against the sixty acres belonging to the husband as that which proceeded against the land of the wife, it was bad, and that the demurrer to the reply should have been carried back and sustained to the answer; that the answer was, for the reasons stated, insufficient, may be conceded, but without demurring to it the plaintiff replied, and upon demurrer his reply was held good. The case was tried, and no question was raised in any manner testing the sufficiency of the answer. Where a reply is filed to an insufficient answer, without first demurring, and a demurrer to the reply is overruled, and there is no other motion or ruling calling in question the sufficiency of the answer, as the party so replying has no exception in the record to any ruling on the answer, he can make no question here. *Scheible* v. *Slagle,* 89 Ind. 323; *Standley* v. *Northwestern M. L. Ins. Co.,* 95 Ind. 254. For the reason that the reply stated a conclusion instead of facts, in regard to the validity of the prior mortgage on the wife's land, it was not good, but, as the answer to

which it was ·pleaded was bad, there was no error in overruling the demurrer to it.

It should be stated that no question was made either in the pleading or briefs of counsel upon any supposed estoppel in favor of the assignee, growing out of the stipulation contained in the mortgage, or the reliance placed thereon at the time she purchased and took the assignment of the note and mortgage, and we are, therefore, not called upon to determine the effect of the finding of the court in that regard.

As we find no error in the record the judgment is affirmed, with costs.·

Filed Oct. 8, 1885.