*John Brownlee,* for the appellant.

---

## BONDURANT *v.* BLADEN.

Action on a note against A, B, and C. Complaint in two paragraphs: 1. That, on the 1st of December, 1858, the defendants, by their note, promised one *H. E. Cowgill* to pay him two hundred and twenty-five dollars, six months after date, and that he indorsed the note to the plaintiff, which is unpaid. 2. That, on December 1st, 1858, A and B, two of the defendants, made a certain other note to *Cowgill*, whereby they promised to pay him the further

Bondurant *v.* Bladen.

sum of two hundred and twenty-five dollars, six months after date, and that, before the delivery of the note to *Cowgill*, and to induce him to accept the same, C, the other defendant, indorsed the note as an original promissor, whereby the defendants became liable, and promised to pay *Cowgill* said sum, etc., and that *Cowgill* indorsed the note to the plaintiff, and that it remains unpaid, etc. The note and indorsements read as follows: .

" $225.                      GREENCASTLE, IND., *December* 1, 1858.

" Six months after date, we promise to pay *H. E. Cowgill*, or order, two hundred and twenty-five dollars, value received.     A. B."

Indorsed: " C."

Indorsed further: "I guarantee the payment of one hundred and eighty-nine dollars and eighteen cents, when this note becomes due, to *Ed. G. Bladen*, and I assign the same to him. H. E. COWGILL."

*Held*, that the complaint states a good cause of action against the defendants.

*Held*, also, that there is no defect of parties defendant, because *Cowgill's* indorsement guarantees the payment of a part of the note, and assigns it all.

*Held*, also, that although the first count, as applied to the note in suit, may be defective, yet a demurrer to the whole complaint must be overruled, as the second count is unobjectionable.

*Answers*: 1. General denial. 2. Fraud. 3. Want of consideration. 4. By C, one of the defendants, that he signed the note as a guarantor, and not as a maker, and that there was no consideration for his guaranty and indorsement. Fourth paragraph stricken out, on plaintiff's motion. Exception.

*Held*, that, as the complaint averred that C executed the note as a maker, he could make the same proof under the general denial that he could under the fourth paragraph, and it was, therefore, properly stricken out.

*Held*, also, that it may be legally inferred, from the pleadings, that the guaranty and the note were executed at the same time, and upon the same consideration, and, therefore, that C could make the same defense under the third paragraph of the answer as under the fourth.

*Held*, also, that the fact that the purpose for which the note in question was executed, and to which it was applied, operated as a

benefit to A, one of the makers, was a sufficient consideration for its execution.

APPEAL from the *Putnam* Common Pleas.

DAVISON, J.—*Edward G. Bladen* brought this action against *Ruel Dobbins, William W. Allen,* and *Gabriel Bondurant,* upon a promissory note.

The complaint consists of two counts. 1. That, on the 1st of December, 1858, the defendants, by their note, promised one *Henry E. Cowgill* to pay him six months after date, two hundred and twenty-five dollars, and that *Cowgill* indorsed the note to the plaintiff, and the same is due, and remains unpaid, etc. 2. That, on the said 1st of December, *Dobbins* and *Bondurant,* two of the defendants, made a certain other note to *Cowgill,* whereby they promised to pay him the further sum of two hundred and twenty-five dollars, six months after date, and that, before the delivery of the note to *Cowgill,* and to induce him to accept the same, *William W. Allen,* the other defendant, indorsed the note as an original promissor, whereby the defendants became liable, and promised to pay *Cowgill* said last-mentioned sum, etc., and that he, *Cowgill,* indorsed the note to the plaintiff; but the same is due, and unpaid, etc., wherefore, etc. The note filed with the complaint, and the indorsements thereon, are as follows:

"$225.                    GREENCASTLE, *Ind., December* 1, 1858.

"Six months after date, we promise to pay *Henry E. Cowgill,* or order, two hundred and twenty-five dollars, value received.                    "RUEL DOBBINS.

"GABRIEL BONDURANT."

Indorsed, "WILLIAM W. ALLEN."

Also indorsed, "I guarantee the payment of one hundred and eighty-nine dollars and eighteen cents, when this note becomes due, to *Ed. G. Bladen,* and I assign the same to him.                    HENRY E. COWGILL."

Defendants demurred to the complaint on four grounds: 1. It does not state facts sufficient to constitute a cause of action. 2. There is a defect of parties defendants; that *Cowgill* ought to be made a party to answer to his interest in the note, the same being only partially assigned to the plaintiff. 3. The first count states no cause of action against *Allen*, he not having signed the note jointly with *Dobbins* and *Bondurant*. 4. The note was not assignable in parts. None of these grounds are available. As we construe the indorsement of the payee, it guarantees the payment of a part of the note, at its maturity, and then assigns the entire amount, stated on the face of it, to the plaintiff. And though the first count may be defective, when applied to the note in suit, still the demurrer addresses itself to the whole complaint, and in that case, if there be one good count, it should be overruled. The second count is unobjectionable. Defendants answered: 1. By a general traverse. 2. The note was obtained by fraud. 3. It was without consideration. 4. *Allen*, one of the defendants, for separate answer, says: "That he signed the note as a guarantor, and not as an original promissor, and that there was no consideration for said guaranty and indorsement." Plaintiff, at the proper time, moved to strike out the fourth paragraph of the answer. The Court sustained the motion, and the defendants excepted. This exception is not well taken. The complaint avers, that Allen indorsed the note as an "original promissor." That fact the plaintiff, to sustain his case, was, in the first instance, bound to prove; hence, it was competent for the defendant, by way of rebutting such evidence as the plaintiff might introduce to prove that averment, to show the character in which he made the indorsement. And if, as must be presumed from the averment in the paragraph, the note and guaranty were executed at the same time, we must intend that both were given upon the same consideration; and that being the case,

the third paragraph, which the defendants jointly plead, and which goes to the entire consideration of the note, afforded the guarantor all the defense he could have had under the fourth paragraph, had it not been stricken out. The decision of the Court did not, therefore, injure the defendant, and hence he can not be allowed to complain. Story on Prom. Notes, sec. 457.   6 Ind. 487.

There were replies in denial of the second and third paragraphs of the answer. Verdict for the plaintiff. New trial refused, and judgment.

Upon the trial *Henry E. Cowgill*, the payee of the note, was introduced as a witness, and testified, substantially, as follows: "When the note was delivered to me, the names of *Ruel Dobbins* and *Gabriel Bondurant* were signed to it, and the name of *William W. Allen* was indorsed on the back of it. Neither *Dobbins, Bondurant,* nor *Allen* was indebted to me, and no consideration passed between me and them, or either of them, other than this: I was security for *Dobbins* to the plaintiff, but I had not paid the security debt; the same was due, and I was liable for it, and expected to have to pay it. The note sued on was by me indorsed and delivered to the plaintiff in discharge, to the amount thereof, of said debt, and the plaintiff received the note in payment, to the amount of it, of such security debt. The amount of that debt was over five hundred dollars. The purpose for which the note was executed was to transfer and assign the same to the plaintiff, in part payment of the debt for which I was security. I was not present when either *Allen* or *Bondurant* signed the note, nor was either of them present when the note was delivered to me. The next day after it was delivered to me, I assigned it to the plaintiff."

In view of this evidence, it is insisted that the note sued on is without consideration. We think otherwise. The purpose for which it was executed, and to which it was applied, operated as a benefit to *Dobbins*, in payment of his

debt, and that alone was a sufficient consideration for its execution. But the whole transaction plainly shows that the note was executed for the accommodation of *Dobbins* and *Cowgill*, and was, in accordance with the purpose for which it was made, transferred to the plaintiff for value. This being the case, it seems to us that the note is valid in the hands of the indorsee, though no consideration may have passed between the payee and the makers. Story on Prom. Notes, sec. 194. Chitty on Bills, 12th Am. ed., p. 96.

*Per Curiam.*—The judgment is affirmed, with two per cent. damages and costs.

*Williamson* and *Daggy*, for the appellants.

*R. L. Hathaway*, for the appellee.