Allen *v*. Davis.

---

No. 110,27.

ALLEN *v*. DAVIS.

MARRIED WOMAN.—*Can not Mortgage her Real Estate for Husband's Debt.*—Since the act of April 16th, 1881, went into force, a married woman can not execute a binding mortgage upon her real estate to secure her husband's debt.

WITNESS.—*Contradictory Statements.—Evidence of, for Impeachment only.*—The contradictory statements of a witness, introduced to impeach him, can only be considered for such purpose, and can not be regarded as substantial proof of the facts in dispute between the parties.

From the Grant Circuit Court.

*W. L. Lenfesty* and *J. H. Compton*, for appellant.

*G. L. McDowell, J. F. McDowell, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellee.

BEST, C.—The appellee brought this action against the appellant and Joseph G. Allen to foreclose a mortgage executed

by them on the 28th day of September, 1881, to one Francis Kelly, who endorsed the same to the appellee.

Afterwards the death of Joseph G. Allen was suggested, and the case proceeded against the appellant. She filed an answer, alleging that at the time said mortgage was executed she was the wife of Joseph G. Allen; that she owned the land embraced in the mortgage, and that the same was executed to secure the debt of her husband.

This answer was denied; the issue tried by the court; a finding made for the appellee; and, over a motion for a new trial, on the ground that the finding was contrary to the evidence and the law, judgment was rendered upon the finding.

The ruling upon the motion for a new trial is assigned as error. The evidence is in the record. The appellant testified that when the mortgage was made she was a married woman, that she owned the land, and that the mortgage was made to secure her husband's debt. This testimony fully supported the answer.

The deposition of her deceased husband was also read, tending to establish the same facts, but several witnesses were called who testified that he had made statements different from his testimony. This only tended to impeach him, and did not tend to establish the truth of such statements as substantive testimony in the case, nor could they be considered as disputing the facts to which the appellant testified, and, as she was not otherwise contradicted, her testimony was undisputed.

If the answer was good, a complete defence was established, and this seems to be the question, though issue was taken upon the answer. This court has several times decided that a married woman, since the act of April 16th, 1881 (Acts 1881, p. 527), went into force, can not execute a binding mortgage upon her real estate to secure her husband's debt, and upon the authority of these cases, on the facts as disclosed by the evidence, it must be held that the appellant is not bound by this mortgage.

It is averred in the complaint, as we think, that this mort-

gage was given for the purchase-money of the real estate embraced within it, but no such fact appears in the evidence. If, upon another trial, it shall so appear, a very different question will then be presented.

For these reasons we think the court erred in not granting a new trial, and for such error the judgment should be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed, at the appellee's costs, with instructions to grant a new trial.

Filed March 8, 1884. Petition for a rehearing overruled March 14, 1885.