## No. 12,290.

## JONES ET AL. *v.* EWING.

EQUITY.— *What One Seeking Equitable Relief Must Show.*—One who seeks equitable relief must show that he has done, or offered to do, in the premises all that equity requires of him.

MARRIED WOMAN.—*Contract of Suretyship.*—*Husband and Wife.*—*Purchase by, of Undivided Interest in Real Estate.*—*Mortgage.*—*Promissory Note.*—With full knowledge of her financial resources, E. sold to a married woman a certain undivided part of real estate, receiving payment therefor in cash. At the same time he sold to her husband the remainder of such real estate, payment to be made in instalments, and executed a conveyance of the whole to. the wife. The husband executed notes for the interest purchased by him, and, at E.'s request, his wife signed them as surety. To secure the payment of the notes a mortgage was executed on the entire property by both husband and wife.

*Held,* that under section 5119, R. S. 1881, both the notes and the mortgage are void as to the wife, and that her interest in the real estate can not be affected thereby, but it is otherwise as to the husband's interest.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*J. K. Ewing* and *C. Ewing,* for appellee.

HOWK, J.—In this case, appellee Ewing sued the appellants Abigail C. and William L. Jones, husband and wife, in a complaint of one paragraph. It was alleged that the appellants, on the 24th day of October, 1881, by their nine promissory notes, became indebted to appellee in the aggregate sum of $1,000; that at that date, to secure the payment of such notes, the appellants executed a mortgage upon the north half of lot No. 103, in block 14, in the original plat of the town (now city) of Greensburgh, in Decatur county, which mortgage was on the same day duly recorded in the recorder's office of such county; that the first one of such notes to mature, for $150, had been fully paid, and the second and third notes to mature were then past due and, with the residue of such notes, were wholly unpaid; that the notes and mortgage were given for the unpaid balance of the purchase-money of the above described real estate; and that the mortgaged premises could not be sold in parcels without injury to the interests of the parties. Wherefore appellee demanded a personal judgment against the appellants for $1,200, and a decree of foreclosure against the mortgaged

property, all without relief, etc., with costs and all other proper relief.

Appellants answered in four special or affirmative paragraphs, to the second of which appellee's demurrer, for the want of sufficient facts, was sustained by the court. He replied by a general denial to the first, third and fourth paragraphs of answer. The issues joined were tried by the court, and a finding was made for appellee against the appellants for the amount due, and to become due, upon their promissory notes, and a personal judgment was rendered against the appellants, and in appellee's favor, for the amount found due with costs, and a decree was rendered for the sale of the mortgaged property and for the application of the proceeds of such sale, etc. Appellants' motion for a new trial having been overruled, and the separate motion of Abigail C. Jones for a new trial having been also overruled, they have appealed from such judgment and decree to this court.

Errors have been assigned here by the appellants, which call in question (1) the overruling of their several motions for a new trial, and (2) the sustaining of appellee's demurrer to the second paragraph of the answer of appellant Abigail C. Jones.

In the natural order, the questions presented by the alleged error of the court, in sustaining appellee's demurrer to the second paragraph of answer, must be first considered and decided. In such second paragraph of her separate answer, appellant Abigail C. Jones alleged that, on and prior to the 24th day of October, 1881, she being then the wife of her co-appellant, William L. Jones, then had and possessed in her own right and as her individual and separate estate, in cash, the sum of $700, which sum of money was her entire separate estate; that she was then and there desirous to invest the same in real estate, of a value which she could purchase and fully pay for with that sum of money; that at that time her husband, William L. Jones, with her and their children, resided in the city of Greensburgh, in Decatur

county ; that at that time her said husband was a man of but small means, consisting of his household goods, of a value not exceeding $100, and had no other estate; that at such time William L. Jones was a common laborer, in the service of the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company, earning wages at about $30 per month; that at such time appellee was and had been since the agent of such railroad company, at such city of Greensburgh, and then and there knew of the possession of such sum of money by appellant Abigail, and of her desire to invest the same as aforesaid; that appellee being then and there the owner of the real estate, described in the mortgage in suit, proposed to sell the same to appellants for the sum of $1,700, appellant Abigail to invest therein such sum of $700, and for the remaining $1,000 he would take notes, in the sums and at the times of maturity mentioned in such mortgage, and at the same time, and as an inducement to such sale, he promised and agreed to furnish said William L. Jones labor such as he was then performing for such railroad company, continuously for such term of nine years, and thus enable him to pay off such purchase-money from the proceeds of his own labor; that at such time appellee well knew that appellant Abigail had no means or estate beyond such sum of $700, and that said William L. Jones had no estate other than as stated herein as aforesaid; that relying upon appellee's promises and assurances that he could and would furnish William L. Jones the labor and means, as hereinbefore stated, and enable him to pay such sum of $1,000 on such real estate, the appellants then and there agreed with appellee to purchase the same, that is, appellant Abigail being the purchaser thereof to the extent and in the sum of $700, and said William L. Jones in such sum of $1,000; that in pursuance thereof, appellee made to appellant Abigail C. Jones a conveyance of such real estate, on such 24th day of October, 1881, and put appellants in possession thereof, which possession they had since held; that appellant Abigail then paid

appellee such sum of $700, and said William L. Jones, as principal, and said Abigail C. Jones, as his surety, executed to appellee the notes and mortgage described in his complaint.

Appellant Abigail further said that appellee, in pursuance ·of his agreement, continued to furnish said William L. Jones with labor as aforesaid, for eighteen months then next following, and out of the proceeds of such labor he paid appellee the first note to mature for $150, with interest, and the interest on the other notes for two years, amounting to $102; that appellee failed and refused to further employ said William L. Jones, or to furnish him any labor or employment whatever, although often and specially thereunto requested, he, the said William L., being then and there, and continuously thereafter, able, willing and anxious to do and perform the same, and thus be enabled to pay off and discharge such notes and mortgage; that such work and labor having been refused by appellee to said William L. Jones, he had been unable to obtain other remunerative employment and to earn any money to pay on such notes, since his discharge by appellee; that had the appellee continued said William L. Jones in such labor, he could and would have had all the money due on such notes and mortgage paid off and discharged; and that said William L. Jones was still ready and willing to pay such notes and mortgage to appellee, if the latter on his part would furnish the former the labor, and thus the ability to pay them, pursuant to the promises and assurances of appellee as hereinbefore stated.

We are of opinion that the circuit court erred in sustaining appellee's demurrer to the second paragraph of answer, the substance of which we have just given. Appellee's suit is one which has always been of equitable jurisdiction. If the averred facts in such paragraph of answer are true, and, as the case is now presented here, their truth is admitted by appellee, it is certain, we think, that he can have no standing in a court of equity to enforce the notes and mortgage in

suit against the appellant Abigail C. Jones, to the extent of the interest which she bought and paid for in cash, in the mortgaged real estate.    It is an elementary rule in all equitable suits, often recognized and followed in the decisions of this court, that he who seeks equitable relief must show that he has done, or offered to do, in the premises, all that equity requires of him. *McWhinney* v. *Brinker,* 64 Ind. 360; *Lancaster* v. *DuHadway,* 97 Ind. 565; *Rowe* v. *Peabody,* 102 Ind. 198; *Russell* v. *Cleary,* 105 Ind. 502.

Fairly construed, the facts averred by Abigail C. Jones, in such second paragraph of answer, and admitted to be true by appellee's demurrer, show very clearly, as it seems to us, that the appellee sold to her, Abigail C. Jones, with full knowledge of her estate and financial resources, the undivided seven-seventeenths part of the mortgaged real estate, for the sum of $700, cash in hand, and knowingly received from her all the estate she had, in payment therefor, to wit, such sum of $700 in money ; that at the same time the appellee sold to William L. Jones, the husband of Abigail C. Jones, the remaining ten-seventeenths part of such mortgaged real estate for the sum of $1,000 on time, payable in nine annual instalments ; that at the same time appellee executed a conveyance of the whole of such real estate to Abigail C. Jones; that at the same time William L. Jones executed to appellee the notes, described in the complaint herein, for the interest purchased by him in the mortgaged real estate, which notes were then executed, also, at appellee's request, by Abigail C. Jones as the surety of her husband ; that at the same time the mortgage in suit was executed to appellee by both the appellants on the entire real estate purchased by them respectively as aforesaid, to secure the payment of the notes described therein also executed by them respectively ; and that the notes and mortgage in suit were so executed as aforesaid by the appellants on the 24th day of October, 1881.

These facts being true, and the appellee admits them to be true as the case is presented by his demurrer to such second

paragraph of answer, it is very clear, we think, that the notes described in appellee's complaint are absolutely void as to Abigail C. Jones, and no personal judgment can be rendered against her thereon ; and that the mortgage in suit, in so far as it covers or affects the interest, purchased and paid for by her as aforesaid, in the mortgaged real estate, is also void as to her, and can not be foreclosed or enforced against her interest in such real estate, so purchased and paid for as aforesaid. When such notes and mortgage were executed as aforesaid, section 5119, R. S. 1881, was, as it still is, in full force, as a part of the law of this State. This section provides, in plain and unmistakable terms, that a married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner, and that any such contract, as to her, shall be void. These statutory provisions are too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and positively declare that any such contract, as to her, shall be void. So the law is written, and so in our decisions it has been uniformly interpreted and construed. *Allen* v. *Davis*, 99 Ind. 216 ; *Dodge* v. *Kinzy*, 101 Ind. 102; *Allen* v. *Davis*, 101 Ind. 187; *Brown* v. *Will*, 103 Ind. 71 ; *Engler* v. *Acker*, 106 Ind. 223.

Of course, as to the interest purchased by William L. Jones, in the mortgaged real estate, and for which the notes in suit were executed by him, as principal, and by his wife, Abigail C. Jones, as his surety, the mortgage sued upon is a valid security, and binding on both the appellants, and, to the extent of that interest, but no farther, may be foreclosed by a court of equity. But if, upon the final hearing of this cause, the facts averred in such second paragraph of answer should be sustained by sufficient evidence, it would be manifestly illegal to render a personal judgment against Abigail C. Jones upon the notes in suit, and manifestly unjust and inequitable to decree the foreclosure of such mortgage upon and the sale of the interest, purchased and paid for by her as afore-

said, in the mortgaged real estate. We conclude, therefore, that appellee's demurrer to such second paragraph of answer ought to have been overruled.

This conclusion renders it unnecessary for us to consider now any question arising under the alleged error of the court in overruling the motions for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the second paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed May 13, 1886; petition for a rehearing overruled Sept. 25, 1886.