Nixon v. Whitely, Fasler & Kelly Company.

No. 13,856.

NIXON v. WHITELY, FASLER & KELLY COMPANY.

MARRIED WOMAN.—*Contract of Suretyship.*—Where a married woman, as the agent of an implement company, contracts with the company to become responsible for the payment of all implements and machines sold by her, and in pursuance of the agreement guarantees the payment of a promissory note by written endorsement, such guaranty is a contract of suretyship, and under the provisions of section 5119, R. S. 1881, relating to married women, is void.

From the Fountain Circuit Court.

*J. B. Martin,* for appellant.

*J. B. Schwin* and *C. E. Booe,* for appellee.

COFFEY, J.—On the 13th day of November, 1883, the appellee, by a written contract of that date, appointed the appellant as its agent to sell farming implements in the territory of Fountain county, Indiana, the agency to continue from that date until August 1st, 1884. The contract between the parties stipulated that when implements or machines were sold the appellant should become responsible therefor, and should secure the payment for the same as follows: One-third September 1st, 1884, one-third January 1st, 1885, and one-third September 1st, 1885.

The contract further stipulated that all implements and machines sold should be settled for in cash, or purchasers' notes, endorsed by the appellant and made payable in a bank, drawing interest at the rate of six per cent. from August 1st 1884, until paid.

Pursuant to the terms of this contract and agency the appellant sold a machine to Joseph Maginin, and took from him the following promissory note:

"$100.                                EUGENE, IND., July 15, 1884.

"Fifteen months after date, for value received, I, of Eugene

P. O., Vermillion county, Indiana, promise to pay to White-ly, Fasler & Kelly, or order, one hundred dollars, nego-tiable and payable at American Express office, Eugene, In-diana, with interest at eight per cent. per annum from first of October, 1884, and with attorney's fees; value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive present-ment for payment and notice of protest and non-payment of this note. JOSEPH MAGININ."

In settlement for machines sold by her the appellant turned over to the appellee the above note, with the following guar-anty endorsed thereon:.

" For value received I guarantee the payment of the within note when due, and waive demand, notice of non-payment and protest. MARY F. NIXON."

The complaint in this case is based upon this guaranty, setting out the contract and averring that at the time of the execution of said contract, note and guaranty, the appel-lant was a married woman, the wife of Marshall Nixon; that she was engaged in carrying on business in her own right, and that said contract, note and guaranty were executed in the transaction of said business.

The appellant demurred to the complaint, alleging as a reason that the same did not state facts sufficient to consti-tute a cause of action; but her demurrer was overruled by the court, and she excepted.

She filed an answer in four paragraphs, and the court sus-taining a demurrer to the second paragraph of her answer, she excepted.

Upon a trial of the cause by the court the appellee had judgment.

The errors assigned here are:

*First.* That the court erred in overruling the demurrer to the complaint.

*Second.* That the court below erred in sustaining the de-

murrer of the appellee to the second paragraph of the appellant's answer.

*Third.* That the court erred in overruling the appellant's motion for a new trial.

The first question presented for our consideration relates to the sufficiency of the complaint as a cause of action, and this question depends upon whether the contracts above set out are such as bind a married woman.

Section 5115, R. S. 1881, provides that all legal disabilities of married women to make contracts are abolished, except as otherwise in that act provided.

Section 5119 provides that a married woman shall not enter into any contract of suretyship, whether as endorser, guarantor or in any other manner, and such contract, as to her, shall be void.

In the case of *Vogel* v. *Leichner,* 102 Ind. 55, it is said that "Whether a contract executed by a married woman is one of suretyship or not, will be determined by a consideration, of whether or not it was made by her or on her behalf, and upon a consideration moving to her or for the benefit of her separate estate. To the extent that the consideration was received by her, or enured to her benefit, or the benefit of her estate, she will be held to have contracted as principal. To the extent that the consideration was received by her husband, or any other person, or that it went to pay a debt or liability, for which neither she nor her property was bound, it will be held a contract of suretyship. * * * The wife had no power to deal as principal if in fact she was surety. Whether she was principal or surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, either in person or in benefit to her estate, or did she so receive the consideration upon which the contract rests?" See, also, *Ellis* v. *Baker,* 116 Ind. 408; *Brown* v. *Will,* 103 Ind. 71; *Cupp* v. *Campbell,* 103 Ind. 213.

Nixon *v.* Whitely, Fasler & Kelly Company.

The question upon which this case must ultimately be decided, is the question as to whether the appellant is to be treated as the surety of the maker of the note above set out; because if she is surety, then, as she has no power to enter into a contract of suretyship, the contract as to her is void. It is evident that the consideration for the note did not pass to her. It passed to the maker of the note. She sold the property which constituted the consideration of the note as the mere agent of the appellees, and had no interest therein further than the compensation she was to receive for such sale. The original contract between her and the appellees bound her to endorse the note; and it is fair to presume that the guaranty written on the back of the note was accepted as a compliance with such obligation. The guaranty in this case is not dated, and is, therefore, presumed to have been executed at the same time and upon the same consideration as the note upon which it is endorsed. *Bondurant* v. *Bladen,* 19 Ind. 160. And the liability of the guarantor is measured by the liability of his principal. *Smith* v. *Rogers,* 14 Ind. 224. Had the appellant endorsed the note in suit in strict compliance with the terms of the contract between her and the appellees, as the consideration for the note passed to the maker, she would have been nothing more than a surety for such maker. *Nurre* v. *Chittenden,* 56 Ind. 462; *Core* v. *Wilson,* 40 Ind. 204; *Houston* v. *Bruner,* 39 Ind. 376; *Dickerson* v. *Board, etc.,* 6 Ind. 128.

Legally construed, the contract between the appellant and the appellee was, that she should become the surety to the appellees for the makers of such notes she took for the purchase-price of implements and machines sold by her on a credit. That such a contract was in the teeth of section 5119, *supra,* the appellee was bound to know. It is not to be overlooked that this section expressly prohibits a married woman from becoming either a guarantor or an endorser.

That a married woman is not bound by a contract of the nature of the one now under consideration, see *Allen* v. *Da-*

*vis*, 99 Ind. 216; *Dodge* v. *Kinzy*, 101 Ind. 102; *Allen* v. *Davis*, 101 Ind. 187; *Brown* v. *Will*, 103 Ind. 71; *Engler* v. *Acker*, 106 Ind. 223; *Jones* v. *Ewing*, 107 Ind. 313.

We are of the opinion that the complaint does not state a cause of action, and that the court erred in overruling a demurrer thereto.

Judgment reversed, with instructions to sustain a demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed Oct. 17, 1889.