## The John C. Groub Company v. Smith.

[No. 4,790. Filed November 24, 1903.]

Husband and Wife.—*Married Women.*—*Bills and Notes.*—*Indorsement for Benefit of Husband.*—*Suretyship.*—An action can not be maintained against a married woman as an indorser of a promissory note, where the consideration for the indorsement was for the discharge of a debt of her husband, and the consideration therefor did not in any way move to her or to the benefit of her estate.

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by the John C. Groub Company against Zipporah Smith. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*T. J. Brooks* and *W. F. Brooks,* for appellant.
*E. K. Dye* and *W. R. Martin,* for appellee.

COMSTOCK, J.—Appellant brought this action against appellee upon her indorsement to appellant of a promissory note in her favor not payable in bank. The complaint was in two paragraphs: The first alleged that on the 7th of July, 1900, one Eli Kinser, by his promissory note, promised to pay defendant $353.28; that before maturity the defendant, for value received, by indorsement in writing, assigned said note to plaintiff; that on the 3d day of May, 1901, plaintiff brought his suit on said note against said Kinser in the circuit court of Lawrence county, being the county wherein said maker then resided; that on the 24th day of September, 1901, said action was tried and determined by said court, and judgment rendered against this plaintiff for costs, and that he take nothing by said suit; that said note had been executed without any consideration, of which fact the plaintiff had no knowledge until said action was tried and determined adversely to it in said court; that defendant was a party to said action, and had due notice thereof and of the defense made in said action; that there is due and unpaid the plaintiff on said note and on said indorsement the sum of $200, etc. The second paragraph omits the allegation contained in the first "that said note was executed without any consideration, of which plaintiff had no knowledge until said action was tried and determined," and contains the following averment not in the first paragraph: "That said note was fully paid before indorsement to this plaintiff, of which fact plaintiff had no knowledge." Said paragraphs are in other averments identical. Appellee answered in six paragraphs, each addressed separately to each paragraph of the complaint, the

first being a general denial; the second that the indorsement was without any consideration whatever; third, payment prior to the bringing of this action; fourth, that at the alleged date of said indorsement, plaintiff was, and still is, a married woman, the wife of Elza Smith; that the note was indorsed by her, and delivered to said plaintiff in payment of a debt of her husband to Smith; that no part of the consideration of said indorsement moved to her, nor did she derive in any way the benefit of any part of the consideration thereof; that said indorsement was solely for the debt of her husband, of which plaintiff had notice at the time of said indorsement. The fifth paragraph, in addition to the averments of the fourth, alleges that said note was not payable in bank; that the same had been fully paid except $85; that after the indorsement of the same a suit was brought on said note by plaintiff herein against the maker, Eli Kinser, and that in answer to said complaint the maker pleaded a set-off of $85, which set-off was sustained on the trial of said cause; that the existence of said set-off was known to plaintiff at the time of said indorsement, and that the same was accepted by plaintiff with full knowledge of the fact that the maker of the note claimed said set-off. The sixth paragraph alleges payment to plaintiff before the bringing of the suit, excepting $85. Appellant replied in two paragraphs, the second being a general denial. To the first appellee successfully demurred. A trial resulted in a finding and judgment in favor of appellee for costs.

The assignment of errors challenges the action of the court in overruling appellant's demurrer to the fourth and fifth paragraphs of answer and sustaining the demurrer to the first paragraph of appellant's reply.

Said first paragraph of reply is as follows: "That one Eli Kinser on the 7th day of July, 1900, was the owner of certain real estate of the net value above encumbrances of $2,786.72; that one Elza Smith, mentioned in said para-

graph of answer, the husband of defendant, was the owner of a stock of goods of the value of $3,140; that on said day said Elza and said Eli exchanged said property, whereby there was a difference due said Elza Smith of $353.28, for which the said Kinser executed the note mentioned in plaintiff's complaint; that the said Elza, at the request of the defendant herein, caused the conveyance of said real estate to be made to the defendant, and caused said Kinser to execute to this defendant the note sued on. All of which was accordingly done. Said Elza Smith was indebted to plaintiff on account of goods sold him in the sum of $353.28, whereupon, and after said date, but before the maturity of said note, the defendant, in payment of said indebtedness, and in consideration that plaintiff would discharge the said indebtedness and release the said Elza Smith, indorsed the said note to plaintiff. But plaintiff says that said note has been fully paid to defendant before said indorsement, of which plaintiff had no knowledge until the trial of the cause described in the complaint herein."

Section 6964 Burns 1901, §5119 R. S. 1881, reads: "A married woman shall not enter into any contract of suretyship, whether as indorser, grantor, or in any other manner; and such contract, as to her, shall be void." The statute recognizes the fact that one may assume the relation of surety to a contract in the form of guaranty and indorsement and in other ways. It declares the contract of suretyship of a married woman executed in any manner as invalid. An indorser of a promissory note warrants that it is a genuine and valid note, and that the maker is able to pay it. *Baldwin* v. *Threlkeld,* 8 Ind. App. 312; *Clark* v. *Trueblood,* 16 Ind. App. 98; *Nichol* v. *Hays,* 20 Ind. App. 369. By the contract of suretyship the surety engages to be answerable for the debt of another. Whether a married woman is principal or surety will be determined not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was

the wife to receive in person or in benefit to her estate, or did she receive the consideration upon which the contract rests? *Vogel* v. *Leichner,* 102 Ind. 355, 360; *Field* v. *Noblett,* 154 Ind. 357; *Nixon* v. *Whitely,* 120 Ind. 360; *Voreis* v. *Nusbaum,* 131 Ind. 267, 16 L. R. A. 45; *Cook* v: *Buhrlage,* 159 Ind. 162. The facts set out in said fourth paragraph show that the indorsement was solely for the benefit of the husband of appellee; that the consideration in no way moved to her or for her benefit. Under the definition given by the decisions cited she was the surety of her husband. The Supreme Court in *Nixon* v. *Whitely, supra,* say: "It is not to be overlooked that this section [§6964 Burns 1901, §5119 R. S. 1881] expressly prohibits a married woman from becoming either a guarantor or indorser," thus interpreting the statute as meaning that a contract of indorsement is one of surety.

The consideration for the indorsement is averred in the reply to be the discharge of a debt of her husband, Elza Smith. The consideration did not in any way move to her or to the benefit of her estate.

We find no error. Judgment affirmed.