McCarty *et al. v.* Tarr.

No. 9688.

McCarty et al. *v.* Tarr.

Married Woman.—*Separate Real Estate.—Promissory Note.—Mortgage.—Pleading.*—Complaint against John and Esther M. upon a note and mortgage dated in October, 1879, executed by both. The mortgage, which was made part of the complaint, recited that Esther was the wife of John. Answer by Esther that the indebtedness was John's, her husband, and that the land was her separate property, " the title to which she derived by gift."

*Held,* that the answer and complaint taken together sufficiently showed that she was a married woman.

*Held,* also, that the averment that she " derived title by gift " to the mortgaged lands stated a fact and not a mere conclusion of law.

*Held,* also, that, in consequence of the act of 1879 (Acts 1879, p. 160), the mortgage was not binding.

*Held,* also, that the answer was good on demurrer.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellants.

*M. W. Funk,* for appellee.

Black, C.—This was an action upon a promissory note and to foreclose a mortgage on real estate given to secure it, said note and mortgage having been executed to one Jonathan P. Tarr by the appellants, John McCarty and Esther McCarty, who were the defendants, and having been assigned to the appellee, Eliza Tarr, who was the plaintiff.

The appellant John McCarty answered separately by a general denial. The appellant Esther filed a separate answer in one paragraph, a demurrer to which was sustained. She excepted to this ruling and refused to answer further. Trial by the court; finding and judgment in favor of the appellee against both the appellants upon the note and mortgage.

The question as to the sufficiency of the separate answer of the appellant Esther McCarty is the only one argued by counsel:

This answer was as follows:

" The defendant Esther McCarty, for separate answer for herself alone, says that she admits that she executed the mort-

.gage in the plaintiff's complaint mentioned, but says that the note said mortgage was given to secure was the individual debt of her husband, John McCarty, for which she was in no way liable ; that the land embraced and covered by said mortgage in the complaint mentioned and described was her separate property, the title to which she derived by gift. Wherefore she, said defendant, says that said mortgage ought not to be foreclosed, and she prays judgment for her costs," etc.

The note and mortgage were executed on the 25th of October, 1879.

Section 10 of the act of March 25th, 1879, concerning married women (Acts 1879, p. 160), provided that a married woman should not "mortgage or in any manner incumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person."

This statute was in force at the date of the execution of . said note and mortgage.

A married woman could not then, nor can she now, bind herself personally as surety in any manner. See R. S. 1881, sections 5115, 5119.

The answer alleges that the debt was the individual debt of her husband, John McCarty, but, unless it may be inferred from this allegation, does not state that he was her husband at the date of the execution of the note and mortgage.

It is insisted on behalf of the appellee, that the answer was insufficient for failure to allege that said Esther was a married woman at that date.

It is claimed by counsel for appellants, that if such fact did not sufficiently appear from the answer alone, yet, viewing the answer in connection with the complaint, it was sufficient in this regard.

In the complaint it was alleged that "said note and the written endorsement thereon and the mortgage securing the same are filed herewith, as parts hereof, marked 'Exhibits A and B.' "

The mortgage so made part of the complaint was signed by John McCarty and Esther McCarty, and commenced as fol-

McCarty *et al.* v. Tarr.

lows: "This indenture witnesseth, that John McCarty and Esther McCarty, his wife," etc., "mortgage," etc.

Thus, taking the mortgage as part of the complaint, it appeared from the complaint that Esther McCarty, who was made a defendant as one of the mortgagors, and as one of the joint makers of the note of the same date, to secure which the mortgage was given, was, at the time of the execution of the note and mortgage, the wife of her co-defendant, the other maker and mortgagor.

To a complaint showing that at the time she executed the note and mortgage in suit she was a married woman, and that her co-defendant John McCarty, with whom she joined in said note and mortgage, was then her husband, she answered that the note was given for the debt of a person other than herself, designating such person as her husband, John McCarty, and that the mortgage was executed as security for the debt of such other person.

This was a sufficient defence as to the note; and the answer also presented a good defence as to the mortgage, unless counsel for appellee is right in insisting that it did not sufficiently show that the mortgaged property was such as was contemplated by said section 10 of said act of 1879.

It is thought by counsel that the averment that she derived her title to said property "by gift" is an allegation of a conclusion of law, and not an allegation of fact, and that the person from whom she obtained her title, and the manner in which it was bestowed, should have been stated.

The allegation in question was traversable. If it had been denied by reply, the appellant Esther could have sustained it by proof of the facts which counsel suggest as necessary to be pleaded. It was not, therefore, an allegation of a mere conclusion of law. *State, ex rel.,* v. *Gresham,* 1 Ind. 190.

We think the court erred in sustaining the demurrer, and that the judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment is reversed, at the costs of the appellee.