Filed Jan. 29, 1891.

---

## No. 14,723.

### Roberts, by Next Friend, *v.* Abbott et al.

Will.—*Contest of.*—*Purchasers from Devisee.*—*Parties.*—In an action to set aside a will admitted to probate, and to establish and probate a lost will, purchasers of land from the devisee under the probated will are proper parties defendant.

Same.—*Prosecution of Claim against Estate.*—*Estoppel.*—The fact that the plaintiff, with knowledge of the execution of the will, which disinherited her, prosecuted a claim to final judgment against the administratrix with the will annexed, for services rendered to the testator, and for property converted by him, did not estop the plaintiff to deny the validity of the will.

SAME.—*Pleading.*—*Answer Alleging Final Settlement.*—To a suit to contest a will, an answer alleging a final settlement and an order of the court discharging the administratrix with the will annexed, presents no defence where the estate consists of both personal and real property.

SAME.—*Pleading.*—*Striking out Allegations.*—In a suit to contest a will allegations in the complaint relating to an agreement by the terms of which it is alleged the testator agreed with his brother to make a will bequeathing all his property to the plaintiff may properly be stricken out.

PLEADING.—*Partial Defence.*—*Demurrer.*—A pleading which purports to answer the whole complaint, and the matters therein pleaded, amounting to a partial defence only, is bad on demurrer.

From the Montgomery Circuit Court.

*W. B. Herod* and *W. W. Thornton,* for appellant.

*J. F. Harney, J. Wright* and *J. M. Seller,* for appellees.

COFFEY, J.—This was an action by the appellant against the appellees to contest the will of John Abbott, deceased. The complaint in the cause consists of two paragraphs. Each paragraph alleges that there was probated in the clerk's office of the Montgomery Circuit Court, on the 14th day of December, 1886, what purports to be the last will and testament of John Abbott, deceased; that the clerk of said court granted to the appellee, Nancy Abbott, who is the widow of John Abbott, letters of administration upon said estate, with said will annexed; that she had fully administered said estate and had filed her final settlement which had been approved; that by the terms of said pretended will the said Nancy was entitled to all the property of the deceased, both real and personal; that long prior to the date of said pretended will the said John Abbott duly executed another will, by the terms of which he bequeathed to the appellant all of his property, both real and personal, subject to a life-estate of the appellee, Nancy Abbott; that said last named will has been lost or destroyed, so that a copy thereof can not be filed with the complaint.

It is alleged that at the time the pretended will admitted to probate was signed by John Abbott, he was a person of

unsound mind, and that the same was procured to be executed by the fraud and undue influence of the appellee, Nancy Abbott. It appears by the complaint that John Abbott died the owner of both real and personal property.

It is further alleged that the appellees, John Lough, Rufus Lough, William Yelton and Nancy F. White have purchased from the said Nancy Abbott certain described portions of the real estate of which John Abbott died the owner, and it is alleged in the second paragraph of the complaint that they each had notice of the will which the appellant seeks to establish and probate at the time of their respective purchases. The prayer is that the pretended will admitted to probate be set aside and declared void, and that the lost will be established and admitted to probate.

To this complaint Nancy Abbott filed an answer in two paragraphs. The first paragraph of the answers avers, substantially, that after the appellant learned of the execution of the will which she seeks to contest in this suit, she began her action in the Montgomery Circuit Court against John Abbott, the testator, to recover the value of certain services rendered by her to the testator, and the value of certain personal property belonging to her and theretofore converted to his own use by said John Abbott; that pending said suit John Abbott died, and that the appellee, Nancy Abbott, was duly appointed and qualified as administratrix of his estate, with said will annexed; that said will was duly probated on the 14th day of December, 1886; that after said will was probated, and after the appellee had qualified as such administratrix, she was, on motion of the appellant, substituted as defendant in said action, with full knowledge on the part of the appellant of all the facts alleged in the complaint, and with full knowledge of all said facts, she prosecuted her said action to final judgment, recovering therein the sum of five hundred dollars and her costs of suit; all of which the appellee paid her out of the funds belonging to said estate, which she yet retains.

The second paragraph of the answer sets up, by way of estoppel, the final order of the court discharging the appellee, Nancy Abbott, administratrix.

The court sustained a demurrer to the second paragraph of the above answer and overruled it to the first.

The appellant, electing to stand by her demurrer to the first paragraph of the answer, the appellee Nancy Abbott had judgment for costs.

John Lough, Rufus P. Lough, William Yelton and Nancy L. White filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action as to them, which was sustained by the court, and they had judgment for costs.

On motion of the appellee Nancy Abbott, certain parts of the complaint and certain interrogatories propounded to her by the appellant were struck out, and the ruling saved by a proper bill of exceptions.

The several rulings above stated against the appellant are presented by assignment of error, and the question arising on the action of the court in sustaining the demurrer to the second paragraph of the answer of the appellee Nancy Abbott, is presented by the assignment of cross-error.

The first question arising on the record relates to the action of the court in sustaining the demurrer of Lough and others to the complaint.

The right of the appellant to prove and have probated the will executed by John Abbott in her favor, and to have the will in favor of Nancy Abbott set aside and revoked, if the facts alleged in the complaint are true, is fully secured to her by the provisions of section 2607, R. S. 1881.

Indeed, it is not seriously contended in this court that the complaint does not contain a cause of action against Nancy Abbott. The contention here is that the other appellees were improperly joined with her in this suit. But the demurrer was not on the ground of misjoinder of causes of

action, but was, we have seen, upon the ground that the complaint did not state facts sufficient to constitute a cause of action against them.

As the question whether it was necessary to allege notice on the part of the purchasers of the real estate of John Abbott has not been argued in this court, we have not considered it, but such notice is alleged in the second paragraph of the complaint.

That paragraph, in our opinion, states a cause of action against the purchasers of the real estate from Nancy Abbott, who makes her title through the probated will of John Abbott.

If that will was invalid Nancy Abbott's title under it must fail.

· The purchasers from her have an interest in maintaining the validity of that will, as their title, if they had notice of the will in favor of the appellant, must fail if the will fails. That will is the foundation of the title held by them by conveyance from Nancy Abbott, and when the foundation is destroyed their title must fall with it, unless something has occurred to save it. We think these purchasers were proper parties to the action. The law abhors a multiplicity of suits, and certainly the appellant should not be required to litigate the matters set up in her complaint twice if it can be avoided. Should she prosecute her action against Nancy Abbott alone, the purchasers of real estate from her would not be bound by the result, and she would, in order to make her suit available, be compelled to litigate the questions again with the purchasers.

The case of *Gaines* v. *Chew*, 2 Howard, 619, is in point. In that case Mrs. Gaines sought to establish a lost will in her favor, and to her bill in equity for that purpose she made the purchasers under another will parties defendant. It was held by the Supreme Court of the United States that such purchasers were proper parties.

In our opinion the court erred in sustaining the demurrer

of John Lough, Rufus P. Lough, William Yelton and Nancy F. White to the complaint in this case.

The next question arising upon the record, in the natural order, relates to the action of the court in overruling a demurrer to the first paragraph of the answer filed by the appellee Nancy Abbott.

The appellee has cited us to no authority in support of this ruling.  The answer admits that John Abbott executed a valid will, by the terms of which he bequeathed to the appellant all his property, both real and personal; that at the time he executed the will under which the appellee Nancy Abbott claims her estate, he was a person of unsound mind, and incapable of executing a will, and that what purports to be his last will was procured by the fraud and undue influence of the appellee. The question is here presented as to whether the appellant is estopped from asserting these facts, by reason of having prosecuted a claim against John Abbott's estate, for labor and personal property, with knowledge of the existence of this invalid will, by the terms of which she was deprived of any interest in the estate.

In a proceeding like this, to contest the will, it can not be successfully maintained that she is estopped by the probate thereof, for she was not a party to any proceeding for that purpose.

She is not estopped by reason of having received anything under the terms of the will, for it gives her nothing. The money paid her by the administratrix was paid upon a claim due her for services rendered John Abbott, and for personal property belonging to her and converted by him.

Did the mere fact that she prosecuted her claim to final judgment against Nancy Abbott, as the administratrix with the will annexed, to final judgment, and received the money thereon, estop her from denying the validity of the will under which Mrs. Abbott claims the estate?

In the case of *Gaither* v. *Gaither*, 23 Ga. 521, Mrs. Gaither was appointed executrix of the will of her husband.

She probated the will and qualified and entered upon the execution of her trust. She subsequently sought to set the will aside for want of testamentary capacity in the testator at the time of its execution, and on account of undue influence. It was held that she was not estopped from denying the validity of the will by reason of having the same probated, nor by reason of having qualified as executrix.

Ordinarily, to constitute an estoppel by conduct there must be:

1. A representation or concealment of material facts.

2. The representation must have been made with knowledge of the facts.

3. The party to whom it was made must have been ignorant of the truth of the matter.

4. It must have been made with the intention that the other party should act upon it.

5. The other party must have been induced thereby to act. *Hosford* v. *Johnson,* 74 Ind. 479.

In the prosecution of her claim against the estate of John Abbott, the appellant did nothing more than exercise a legal right. Such right was the same under the will she seeks to establish as it was under the will she seeks to set aside. It was not dependent on either will, but was a purely legal right, which she might exercise whether John Abbott died testate or intestate. There is no claim that any one changed his or her position, or did anything that would not have been done, by reason of the prosecution of her claim, save the fact that the claim was paid in obedience to the judgment and order of the court.

In our opinion the appellant is not estopped from contesting the validity of the will under which Nancy Abbott claims the estate of her late husband, by reason of having prosecuted a claim against said estate, and the court, for that reason, erred in overruling her demurrer to the first paragraph of the answer of the appellee Nancy Abbott.

We do not think the court erred in sustaining a demurrer to the second paragraph of the answer of Nancy Abbott.

It is unnecessary that we should inquire into the effect of the final settlement therein set out, upon the personal estate of John Abbott, for the answer is pleaded as a defence to the whole action. It could not operate as a defence to the claim made to the real estate, for the administratrix had no control, as such administratrix, over the land. No distribution of land could be made by her, and for these reasons the order effecting a distribution of the personal estate could, by no possibility, affect the title to the land. A pleading which purports to answer the whole complaint, and the matters therein pleaded, amounting to a partial defence only, is bad on demurrer. *Moffitt* v. *Roche,* 76 Ind. 75; *Farman* v. *Chamberlain,* 74 Ind. 82; *Robbins* v. *Magee,* 76 Ind. 381; *Harmony School Tp.* v. *Moore,* 80 Ind. 276.

The allegations in the complaint struck out by the court relate to an agreement, by the terms of which it is alleged John Abbott agreed with his brother to make a will, by the terms of which he would bequeath all his property to the appellant.

We do not think the court erred in striking out these allegations. We are not unmindful of the doctrine announced in the case of *Lamb* v. *Lamb,* 105 Ind. 456, to the effect that it is permissible to prove, as affecting mental capacity, that the testator was under a moral obligation to make a will of a particular kind, but the matters here sought to be established opened the door to innumerable collateral questions which could throw no light upon the main issues in the cause. The interrogatories struck out related to the same matter.

Judgment reversed, with directions to overrule the demurrer of John Lough, Rufus P. Lough, William Yelton and Nancy F. White to the complaint, and to sustain the demurrer of the appellant to the first paragraph of the answer of Nancy Abbott.

Filed Jan. 29, 1891.