Boyd *v.* Radabaugh *et al.*

---

BOYD *v.* RADABAUGH ET AL.

[No. 18,413. Filed April 29, 1898.]

MARRIED WOMEN.—*Suretyship.*—*Answer.*—In an action against a husband and wife to foreclose a mortgage on the wife's separate property, an answer by the wife that the note and mortgage sued on were executed "to secure the debts of her husband, and for no other purpose or consideration, and that she did not receive any of the consideration of said note, nor was the same or any part of it paid to her or used for her benefit or the improvement of her separate property" is a sufficient answer of suretyship. *pp. 395, 396.*

SAME.— *Suretyship.*— *Evidence.*—In an action against a husband and wife to foreclose a mortgage on the wife's separate property, the evidence showed that the note and mortgage were executed for money borrowed by the husband to pay his own debts, which fact was known to the mortgagee; but that the money was paid to the wife by check. *Held,* that the evidence was sufficient to sustain the finding that the wife executed the note and mortgage as surety. *pp. 396, 397.*

APPEAL.—*Weight of Evidence.*—In determining on appeal whether the evidence sustains the findings or verdict, only the evidence sustaining the trial court will be considered. *pp. 397, 398.*

From the Jay Circuit Court.   *Affirmed.*

*John W. Headington* and *John F. LaFollette,* for appellant.

*J. H. Sell, J. J. M. LaFollette* and *O. H. Adair,* for appellees.

MONKS, J.—This action was brought against appellees to foreclose a mortgage executed by appellee, Dora B. Radabaugh, and Homer C. Radabaugh, her husband.   Final judgment was rendered against appellant.

The only errors assigned are:   (1)  The court erred in overruling appellant's demurrer to the second paragraph of the separate answer of appellee Dora B. Radabaugh.   (2) The court erred in overruling appellant's motion for a new trial.

Appellant insists that the second paragraph of the separate answer of the appellee Radabaugh was not sufficient because it was not alleged therein that she was surety for her husband, or for any other person, or that the contract was to answer for the debt of another. Is is averred in said paragraph that said appellee, at the time she executed said note and mortgage, was the wife of her codefendant, Homer C. Radabaugh, and that the same were given "to secure the debts of her said husband, and for no other purpose or consideration, and that she did not receive any of the consideration of said note, nor was the same or any part of it paid to her or used for her benefit or the improvement of her separate property; that all the consideration of said note and mortgage was used and paid out to liquidate debts of her said husband, which had been contracted and were due long before the note and mortgage sued on were executed."   This paragraph alleges that said note and mortgage were executed by her to secure the debt of her husband, and was there-

fore a sufficient answer of suretyship, under the law as declared in the following cases: *Allen* v. *Davis,* 99 Ind. 216; *Vogel* v. *Leichner,* 102 Ind. 55; *Warey* v. *Forst,* 102 Ind. 205; *Allen* v. *Davis,* 101 Ind. 187; *Brown* v. *Will,* 103 Ind. 71; *Cupp* v. *Campbell,* 103 Ind. 213; *Engler* v. *Acker,* 106 Ind. 223; *Crooks* v. *Kennett,* 111 Ind. 347; *Merchants, etc., Assn.* v. *Scanlan,* 144 Ind. 11; *Cole* v. *Temple,* 142 Ind. 498; *Leschen* v. *Guy,* 149 Ind. 17.

Appellant insists that the court erred in overruling her motion for a new trial. The reasons assigned for a new trial in said motion are that the finding was contrary to law and not sustained by the evidence. The note secured by the mortgage called for $131.78, and was payable to Truman O. Boyd and Granville Phillips, who assigned the note and mortgage to Lewis Grisell, November 10, 1894, the day after the same were executed, and he assigned the same to appellant, the wife of said Truman O. Boyd, December 17, 1894.

The evidence given on behalf of appellee shows that Homer C. Radabaugh owed the Singer Sewing Machine Company $45.00, and borrowed the money of Truman O. Boyd to pay it; that he told him what he wanted the money for, and that he and his wife would give him a mortgage to secure the same. Prior to this time Radabaugh had been under treatment for the habit of intoxication, and $40.00 had been borrowed to pay a part of the expense of that treatment, for which Granville Phillips had become security, and which he, Phillips, had paid Mrs. Radabaugh, and her husband had given a mortgage to Phillips to secure this amount. Said Radabaugh also owed one Grisell some borrowed money which Boyd had for collection, and these three items made up the amount of $131.78, for which the note in suit was given.

When the note and mortgage were executed, Boyd, instead of paying over the $45.00 loaned by him, gave a check for the amount, payable to Mrs. Radabaugh. The money so borrowed was used to pay the indebtedness of said Homer C. Radabaugh, and no part thereof was used for the improvement or betterment of the separate property of his wife.   Said Dora B. Radabaugh was, when the mortgage was executed and until the trial, the wife of her codefendant Homer C. Radabaugh, and at the time of the execution of said mortgage said real estate was, and at all times since has been, the separate property of said Dora B.   These facts are clearly sufficient to sustain the finding of the court.   The fact that the check was made payable to the wife can make no difference, the money was borrowed by the husband to pay his own debts, and he so informed Truman O. Boyd at the time, and the money so borrowed of Boyd was used for that purpose; and Boyd could not by making the check for $45.00 or $48.00 payable to Mrs. Radabaugh, change the legal effect of the transaction or make her a principal, when under the law as declared by this court she was only a surety.   The other items that went into the note for $131.78 were outstanding liabilities of the husband.   It is true there was evidence given to the contrary on behalf of the appellant, but in determining the question presented we can only consider the evidence sustaining the action of the court. *Lawrence* v. *Van Buskirk*, 140 Ind. 481.   Judgment affirmed.