Field *v.* Noblett.

---

## Field *v.* Noblett.

[No. 18,665. Filed March 15, 1900.]

Husband and Wife.— *Principal and Surety.—Mortgages.—Foreclosure.—Defense.*—In action on a note executed by the wife alone, and secured by a mortgage upon her separate real estate, the burden is upon defendant to allege and prove that she was surety and not principal. *pp. 359, 360.*

Same.—*Principal and Surety.—Mortgages.—Foreclosure.—Answer.*— An answer in an action to foreclose a mortgage, alleging defendant's ownership of the mortgaged real estate, her coverture, that the note was given for the debt of her husband, that she signed it as surety and received no part of the consideration, and that it did not inure to her benefit or to the benefit of her estate was sufficient within the meaning of §6964 Burns 1894 to avoid the complaint. *p. 360.*

Appeal and Error.—*Practice. — Sustaining Demurrer to Good Paragraph of Pleading.—Harmless Error.*—It is harmless error to sustain a demurrer to one paragraph of a pleading where a remaining paragraph contains all the material allegations thereof and no more; but the error is not harmless if the paragraph allowed to stand imposes the burden of adducing more or different evidence than would have been necessary under the paragraph erroneously condemned. *Kniss* v. *Holbrook*, 16 Ind. App. 229, disapproved. *pp. 361, 362.*

From the Washington Circuit Court. *Reversed.*

| | |
|---|---|
| 154 | 357 |
| 159 | 164 |
| 159 | 165 |
| 159 | 480 |
| 154 | 357 |
| 160 | 528 |
| 160 | 529 |
| 160 | 530 |
| 154 | 357 |
| 162 | 630 |
| 154 | 357 |
| 163 | 314 |
| 163 | 393 |
| 163 | 580 |
| 154 | 357 |
| s164 | 390 |
| s164 | 393 |
| 154 | 357 |
| 165 | 225 |

Field *v.* Noblett.

*P. McCart, W. H. Talbot, J. A. Zaring, M. B. Hottel, J. Giles, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellant.

*Thomas B. Buskirk, William Farrell, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellee.

MONKS, J.—Appellee sued upon a note executed by appellant February 14, 1891, and to foreclose a mortgage securing the same executed by appellant and her husband. The complaint was in two paragraphs against appellant; her husband having deceased before the commencement of the action. An answer in five paragraphs was filed, the first being a general denial. Appellee's demurrer for want of facts to each paragraph of said answer except the first was sustained as to the second, and third, and overruled as to the fourth, and fifth. A reply was filed, and the case, being at issue, was tried by the court, and a finding made in favor of appellee; and, over a motion by appellant for a new trial, judgment was rendered in favor of appellee against appellant on said note and a decree of foreclosure on said mortgage. The errors assigned, and not waived, call in question the action of the court in sustaining appellee's demurrer to the third paragraph of answer, and in overruling appellant's motion for a new trial.

It is alleged in the first paragraph of complaint, in substance, that appellant on February 14, 1891, by her note of that date, which is filed with and made a part hereof, and marked Exhibit A, promised to pay appellee $3,000, with interest at six per cent. per annum from date; that said note is now due and wholly unpaid; that at the same time appellant and her husband, Joseph J. Field (then in full life, but now deceased), executed to appellee a mortgage, a copy of which is filed with and made a part hereof, and marked Exhibit B, to secure the payment of said note upon the following real estate (describing it). Prayer for judgment and decree of foreclosure. The same facts are alleged in

---

*Field v. Noblett.*

---

the second paragraph, and it is also averred that "the said plaintiff, at the special instance and request of said defendant, loaned her the sum of $3,000; that prior to making said loan to said defendant she informed him (said plaintiff) that she wanted to borrow said sum of $3,000 for her own use and benefit; that he on said day paid over to said defendant, in her own proper person, said sum of $3,000." It was also averred in said paragraph that the real estate described in the mortgage was the separate property of appellant.

It was alleged in the third paragraph of answer that "the said defendant at the time the note and mortgage sued on were executed was the owner in fee simple of the real estate described in said mortgage; that at the time said note and mortgage were executed she was a married woman, the wife of Joseph J. Field; that the note was given for the debt of her said husband; and she says she signed the same as his surety, receiving no part of the consideration for the same, and that she executed said mortgage solely to secure his said debt; that she did not receive any consideration for said note and mortgage, nor did the same inure to the benefit of herself or her estate."

In an action on a note and mortgage executed by a man and his wife, the rule in this State is that, if it appears from the allegations in the complaint that the mortgage is upon the separate real estate of the wife, it must also be shown by proper allegations that the contract was one the wife had power to make; in other words, that she was principal, and not surety, or the complaint will not be sufficient to withstand a separate demurrer of the wife for want of facts. The burden of proving such facts is upon the plaintiff in such case. *Crisman* v. *Leonard*, 126 Ind. 202, 203, and cases cited; *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213, 217-223. But when the complaint is upon a note executed by the wife alone, and secured by a mortgage upon her separate real estate, there is no presumption that she is surety, and the burden is upon her to allege and prove that

she executed the note and mortgage as surety, and not as principal, and the complaint in such case is sufficient, although no special facts showing that she was principal, and not surety, are alleged. *Crisman* v. *Leonard, supra,* and cases cited; *Miller* v. *Shields,* 124 Ind. 166. As the note sued upon was executed by appellant alone, it is clear, under the rule stated, that as to each paragraph of the complaint the burden was upon her to aver and prove that she was surety and not principal.

The allegations in the second paragraph that appellant solicited the loan and represented that it was for her own use and benefit, and that appellant paid the same over to her, may be true, and appellant's contract be one of suretyship only. It is settled in this State that whether or not a married woman is surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from an inquiry as to whether or not the wife received, in person or estate, the benefit of the consideration upon which the contract rests. *Vogel* v. *Leichner,* 102 Ind. 55, 60; *Nixon* v. *Whitely, etc., Co.,* 120 Ind. 360, 362, and cases cited; *Crisman* v. *Leonard* 126 Ind. 202, 203; *Lackey* v. *Boruff,* 152 Ind. 371, 376, and cases cited.

The third paragraph of answer to the complaint avers appellant's ownership of the mortgaged real estate, her coverture, that the note was given for the debt of her husband, that she signed it as surety, and received no part of the consideration, and that it did not inure to her benefit or the benefit of her estate. Her suretyship is averred in express terms, and the particular facts are set forth which exhibit such suretyship. Said paragraph was clearly sufficient. *Boyd* v. *Radabaugh,* 150 Ind. 394, 395, 396, and cases cited. This paragraph of answer brought appellant within the statute which provides that "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract as to her, shall be void." §6964 Burns 1894, §5119 R. S. 1881 and Horner

1897. It is true that a married woman may be estopped by her acts from asserting her suretyship in order to avoid a contract. *Ward* v. *Berkshire Ins. Co.*, 108 Ind. 301; *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213; *Orr* v. *White*, 106 Ind. 341. But, even if it were proper to anticipate a defense, the facts alleged in the second paragraph are not sufficient to estop appellant from showing her suretyship. The rule is that when an estoppel is relied upon, it must be set forth with particularity and precision, and nothing can be supplied by intendment or inference, and, when there is ground for inference or intendment, it will be against, and not in favor of an estoppel. *Dudley* v. *Pigg*, 149 Ind. 363, 371, and cases cited. Several essential elements of an estoppel are not set forth in said second paragraph of complaint. *Ward* v. *Berkshire Ins. Co., supra; Roberts* v. *Abbott*, 127 Ind. 83, 89; *Hosford* v. *Johnson*, 74 Ind. 479, 485; *Dudley* v. *Pigg, supra; Chaplin* v. *Baker*, 124 Ind. 385, 390. The allegations in said second paragraph of complaint heretofore set forth, which were not contained in the first paragraph, imposed no additional burden upon appellee. All that was necessary to make a *prima facia* case against appellant under either paragraph of the complaint was to read in evidence the note and mortgage sued upon. It follows that the court erred in sustaining the demurrer to the third paragraph of answer.

It is insisted by appellee that "The error, if any, in sustaining the demurrer to the third paragraph of answer, was harmless, because the same evidence was admissible under the fourth paragraph of answer." The rule in this State is' that when a demurrer for want* of facts his been erroneously sustained to one or more paragraphs of a pleading, and other paragraphs are left standing, under some or all of which the pleader is entitled to the same relief or defense without any other or greater evidence than would have been required under the paragraph or paragraphs erroneously held bad, the error is harmless. But the error is not harmless if the para-

graph or paragraphs allowed to stand impose upon the pleader the burden of adducing more or different evidence than would have been necessary under the paragraph or paragraphs erroneously condemned. *Hormann* v. *Hartmetz*, 128 Ind. 353, 354, 355; *Lester* v. *Brier*, 88 Ind. 296; *City of Elkhart* v. *Wickwire*, 87 Ind. 77, 79; *Caviness* v. *Rushton*, 101 Ind. 500, 503, 51 Am. Rep. 759; *Metzger* v. *Hubbard*, 153 Ind. 189, 195, 196, and cases cited.

The fourth paragraph of answer sets forth the same facts as the third, with the additional element that appellee had knowledge of the facts alleged in said paragraph. The court by sustaining the demurrer to the third paragraph of answer, and overruling the same to the fourth, adopted the theory that appellant, in order to make out her defense of suretyship and coverture, was required, not only to prove the facts showing such suretyship and coverture, but that appellee had knowledge of all such facts when he made the loan. This theory was erroneous, for the reason that appellant was not required to allege or prove such knowledge on the part of appellee. To sustain the fourth paragraph of answer, which was held good, proof of appellee's knowledge of the facts therein alleged was required, which proof was not necessary to sustain the third paragraph of answer, which the court erroneously held insufficient. As the fourth paragraph, therefore, imposed a burden on appellant not imposed by the third paragraph, which was clearly good, the error of the court in sustaining the demurrer to said paragraph was not harmless. To the extent that *Kniss* v. *Holbrook*, 16 Ind. App. 229, holds a contrary doctrine, the same is disapproved. As the questions presented by the motion for a new trial may not arise on a second trial, the same are not considered.

Judgment reversed, with instructions to overrule the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.