## TAYLOR *v.* GRINER.

### [No. 8,205.   Filed March 12, 1914.]

1. HUSBAND AND WIFE.—*Suretyship of Wife.—Answer.—Sufficiency.*—In an action against a married woman on a note signed by her alone, and to foreclose the mortgage securing same, an answer alleging that she executed the note and mortgage as surety for her husband and received no consideration therefor, and that she was at the time and still is a married woman, was sufficient, although it would have been better pleading to have alleged that she received no part of the consideration for the note and that it did not inure to her benefit or the benefit of her estate.   p. 619.

2. PLEADINGS. — *Admissions. — Facts Not Denied.* — Under §392 Burns 1908, §383 R. S. 1881, matters well pleaded in a complaint, and not controverted in the answer, must be taken as true in testing the sufficiency of the answer.   p. 619.

3. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Answer.*—Error in sustaining a demurrer to a paragraph of answer is harmless, where all the evidence admissible thereunder was also admissible under another paragraph held good, and which averred the same facts more fully.   p. 620.

4. HUSBAND AND WIFE.—*Suretyship of Wife.—Answer.—Proof.*—In an action against a married woman on a note and to foreclose a mortgage securing same, the allegation in her answer of suretyship, "that the entire consideration was used by her husband," was mere surplusage which imposed no additional burden in proving her defense, since the defense is made on proof of the suretyship and that she received no part of the consideration for which the note and mortgage were executed.   p. 620.

5. ESTOPPEL.—*Equitable Estoppel.—Elements.*—The elements of an equitable estoppel are, misrepresentation of a material fact by the party sought to be estopped, made with knowledge of the facts with the intention that another, who was ignorant of the facts, should act thereon, and a reliance upon such representation by such other in the doing of some act to his injury, which he was thereby induced to do and which he would not have done except for such representation.   p. 622.

6.  ESTOPPEL.—*Estoppel by Conduct.*—Where a party sought to be estopped was careless in making statements about which he ought to have known the truth, he may in some cases be held to constructive knowledge of the facts, and if the other party was negligent or corrupt in not seeking the truth, he will be charged with knowledge thereof.  p. 622.

7.  HUSBAND AND WIFE.—*Estoppel of Wife to Assert Suretyship.— Answer of Suretyship.—Reply.—Sufficiency.*—A married woman may be estopped from asserting suretyship in an action against her on a note, and where suretyship was pleaded, a paragraph of reply setting up all the elements of estoppel on the ground of misrepresentations by defendant in obtaining the money, except that there was no averment that the representations were made with knowledge of their falsity, was sufficient, where the allegations of the answer force the conclusion that such representations were false and made with knowledge of their falsity, and especially in view of the fact that the note sued on was signed by her' alone, since in itself it constituted at least a *prima facie* representation that she signed as principal and that the debt was her debt. p. 622.

8.  HUSBAND AND WIFE.—*Suretyship of Wife.—Estoppel.—Evidence.* —In an action against a married woman on a note and mortgage, evidence that defendant's husband solicited plaintiff to lend his wife the money to improve her farm, that after some delay and efforts to obtain money from plaintiff, the note signed by. the wife alone, and a mortgage signed by both husband and wife, together with a paper signed by the wife ordering the money to be paid to her husband for her benefit, were forwarded to plaintiff, that the plaintiff believed and relied on the statement that the money was to be paid to the husband for the sole use and benefit of the wife and would not have made the loan but for such statement, together with other evidence, and in the absence of evidence of any fact to put plaintiff on inquiry, was sufficient to warrant the finding that defendant was estopped from setting up the defense that she signed the note and mortgage as surety for her husband. p. 623.

From Brown Circuit Court; *William E. Deupree,* Judge.

Action by Jacob Griner against Rebecca J. Taylor and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*George W. Long,* for appellant.

*James M. Jones* and *W. C. Duncan,* for appellee.

IBACH, J.—Action by appellee against appellant and her husband Charles Taylor, on a promissory note signed by her alone, payable to appellee, and to foreclose a mortgage executed by her and her husband on real estate which she owned. There were four paragraphs of answer to the complaint, the first a general denial, the other three setting up that appellant was a married woman when the note was executed, the wife of defendant Charles Taylor, that she signed the note and mortgage as surety for her husband, and received no part of the consideration. A demurrer to the second paragraph of answer was sustained, demurrers to the third and fourth were overruled. There were two paragraphs of reply, the first alleging facts showing appellant estopped to set up suretyship as a defense, the second a general denial. Demurrer to the first paragraph of reply was overruled. There was trial by the court, with special findings of fact. Judgment was rendered for the appellee for the amount of the note, interest and attorney fees, and the judgment was against both defendants for foreclosure of the mortgage.

It is first urged that the court erred in sustaining a demurrer to the second paragraph of answer, which is in the following words: "The defendant, Rebecca J. Taylor, says: That she executed the note and mortgage sued on as the surety of the defendant, Charles Taylor, and received no consideration therefor. That at the time she executed the same she was and still is a married woman." A married woman's contracts of suretyship are void. §7855 Burns 1908, §5119 R. S. 1881. Appellant relies upon the case of *McCarty* v. *Tarr* (1882), 83 Ind. 444, for the sufficiency of this answer. Appellee insists that the answer held good in that case differed from the present in that it was stated therein that the land mortgaged was her separate property. However, it appears from the complaint in this case that she was the owner of the property mortgaged. Matters well pleaded in a complaint not controverted in the answer must under §392 Burns 1908, §383 R.

S. 1881, be taken as true in testing the sufficiency of the answer. *Armstrong* v. *Cavitt* (1881), 78 Ind. 476; *Matter* v. *Campbell* (1880), 71 Ind. 512; *Bowen* v. *Pollard* (1880), 71 Ind. 177; *McCarty* v. *Tarr, supra.* When considered together with the averments of the complaint, we believe the answer good, under the holding in *McCarty* v. *Tarr, supra,* and that the court erred in sustaining a demurrer thereto. It is better pleading to aver that she received no part of the consideration for which the note was given, and that it did not inure to her benefit or the benefit of her estate (*Field* v. *Noblett* [1900], 154 Ind. 357, 56 N. E. 841), but under the rule for construction of pleadings as announced in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, the averment that she received no consideration for the execution of the note and mortgage is sufficient.

However, we consider the error harmless, for all the evidence admissible under this paragraph of answer was also admissible under the allegations of the third paragraph, which avers the same facts more fully, and also that the note and mortgage were executed in consideration of a loan by the plaintiff to defendant Charles Taylor, by him used for his individual use, no part of which was used to pay any of the individual debts of appellant, or any debts for which she was liable, that she was in no wise benefited by the note and mortgage, or the consideration thereof, either in person or estate, and that the entire consideration thereof was received by her codefendant.

Appellant urges that sustaining a demurrer to a good paragraph of answer is fatal if the paragraphs allowed to stand impose upon the pleader the burden of introducing more or different evidence than would have been necessary under the paragraph erroneously condemned, and cite *Field* v. *Noblett, supra,* and *Metzger* v. *Hubbard* (1899), 153 Ind. 189, 54 N. E. 761. The third paragraph contains in addition to the averments of the second, the allegation

that the entire consideration was used by her husband. However, the presence of this allegation is mere surplusage and causes no increased burden upon appellant, for she has made out her defense when she has proved that she signed the note and mortgage as her husband's surety, and that she, in person or estate, received no part of the consideration for which the note and mortgage were given. Having done this, it adds nothing to prove that her husband used the entire consideration.

The second paragraph of reply is in the following words: "The plaintiff, Jacob Griner, for reply to the separate answer of Rebecca J. Taylor, alleges that at the time of the execution of the note and mortgage mentioned in this action, and before this plaintiff had paid the money over on the same, this defendant Rebecca J. Taylor, by her certain written statement, made a part hereof, marked exhibit A, which she caused to be delivered to this plaintiff in which she stated and represented to plaintiff that the money for which she had signed said note and mortgage, was for her own use and benefit, and for this plaintiff to pay said money to her husband, Charles Taylor, for her. That said plaintiff relying upon said statements and believing them to be true and having no way of finding out the truth of said statements, was induced thereby to and did pay said money to her husband, Charles Taylor, for her. Plaintiff avers that had he believed that said money was for the use of the said Charles Taylor, he would not have made said loan. Wherefore, plaintiff prays that this defendant, Rebecca J. Taylor, be estopped from asserting that she is surety, and for cost of this action and all other proper relief."

"Exhibit A. Nashville, Ind. Oct. 21, 1895.

I Rebecca J. Taylor, having this day signed a note, the amount of the same being two hundred dollars, payable twelve months after date, payable to Jacob Griner (Jr.) and also a mortgage to the said Jacob Griner to secure the payment of the above named note, described in mortgage — I Rebecca J. Taylor, further order the

payment of the two hundred dollars to be paid to Charles Taylor, my husband, for my own use and benefit. Signed in the presence of this witness. Rebecca J. Taylor.''

It is urged that this reply is bad because it fails to show whether she signed the note and mortgage as principal or surety, or knew or understood in what capacity she signed it, whether as principal or surety, or that appellee made any efforts to ascertain in what capacity she signed.

The elements essential to make out an equitable estoppel as applied to cases of representations are, (1) misrepresentation of a material fact by the party sought to be estopped (2) made with knowledge of the facts (3) with the intention that another party shall act upon it, (4) who was ignorant of the truth, (5) relied upon such representations, and was induced thereby to act to his injury, (6) which he would not have done except for such representations. If the party sought to be estopped was careless in making statements about which he ought to have known the truth, he may in some cases be held to constructive knowledge of the facts, and if the other party was negligent or corrupt in not seeking the truth, he is held not to be ignorant of the truth. *Wright* v. *Fox* (1914), 56 Ind. App. ——, 103 N. E. 442. The present reply contains facts which show all the above elements, except the second. The answers to which it is addressed aver that she signed the note and mortgage as surety, and if these answers are true, her representations must have been false, and made with knowledge of their falsity. The note itself, signed by her alone, was at least a *prima facie* representation that she signed as principal, and that the debt was her debt. *Field* v. *Noblett, supra,* 359. A married woman may be estopped from setting up suretyship as a defense to her contracts. See cases cited above. We think the reply was good.

It is also assigned, under the motion for new trial, that

the evidence does not support the decision and that the decision is contrary to law. The evidence tending to support the decision shows that Charles Taylor lived near Nashville, and appellee was an express wagon driver in Columbus, some twenty miles away. Taylor learned, probably from Joshua Durnald, driver of a mail hack between Nashville and Columbus, that appellee had some money to loan. Taylor came to Columbus to see appellee, and told him his wife wanted to borrow some money to improve her farm, and would give a mortgage on the farm to secure the loan. Appellee refused to loan the money until he knew that the loan was for her own use and benefit. Taylor made two or three trips to Columbus to see appellee, and at one time brought some papers, which for some reason, now forgotten by appellee, were unsatisfactory. Appellant herself did not see appellee. Finally, the note and mortgage sued on and the paper ordering the payment of the money to Charles Taylor for appellant's benefit, which had been prepared by a justice of the peace as an agent of the borrowers, were signed by appellant, and sent to appellee by the hack driver Durnald. Appellee delivered the money to Durnald, who delivered it to Taylor. Appellee believed the statement of appellant that the money was to be paid to her husband for her own use, relied upon it, and would not have made the loan but for this statement. Charles Taylor testified that part of the money was used to pay a debt of his, part to buy a wagon for him, and that his wife received no part of it. Appellant testified that she signed the papers, but did not read their contents, that her husband obtained the loan for himself, and that she received no part of it. Interest was paid on the note regularly up till about 1906. Affidavits by Charles Taylor to obtain mortgage exemptions from taxes, in which he swore that the mortgage on his wife's lands was her debt, were placed in evidence, and their tendency would be to impeach his testimony. The evidence, we believe, is sufficient for the court to find that appellee, under

the circumstances, was not required to make any further investigation of the use to which the money was to be put, for there is no showing that investigation would have brought out any statement from appellant different from that made in writing. What use was to be made of the money was a fact peculiarly in the knowledge of herself, and she represented to appellee that it was for her own use. There appears nothing to put appellee on inquiry, nothing to indicate to him that the money was to be used for a purpose other than to improve appellant's farm, nothing to show that the transaction was not in good faith, if appellee's testimony is to be believed. Appellant's delivery of a written statement to appellee that the money was for her own use and benefit, at the same time with a note signed by her alone, would be some evidence that she had authorized the former acts of her husband in securing the loan ostensibly as her agent. Appellee stated that he believed her statement to be true, relied upon it, and would not have made the loan but for it. The testimony on the part of the contestants in many respects is conflicting, but we cannot weigh evidence, and we believe that the court was justified in finding from the evidence that appellant, in order to induce appellee to loan her money, represented to him that the money was to be appropriated to her own use, that appellee used due diligence under the circumstances, that he relied upon appellant's representations, believing them to be true, and would not have loaned the money but for them, and therefore, that appellant was estopped by her acts from setting up as a defense in the present action that she signed the note and mortgage as surety for her husband.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 607. As to equitable estoppel, see 134 Am. St. 172. See, also, under (1) 21 Cyc. 1563, 1566; (2) 31 Cyc. 207; (3) 31 Cyc. 358; .(4) 31 Cyc. 675; (5) 16 Cyc. 726; (6) 16 Cyc. 734, 738; (7) 21 Cyc. 1345, 1566; (8) 21 Cyc. 1346.