GAMBLE, EXECUTOR, ET AL. *v.* ROONEY ET AL.

[No. 24,018. Filed February 24, 1922. Rehearing denied and opinion modified November 14, 1922.]

1. WILLS.—*Rejection of Devise by Childless Second Wife.—Effect.*—An election by a second childless wife to take under the statute instead of the will of her husband, who was also survived by a child by a former marriage, did not operate to make decedent intestate as to any greater interest than the law would have given the widow if he had been intestate, which was a life interest in one-third of his land, and the residue passed under the will to the devisees in the same manner as if she had not made such an election.  p. 458.

2. WILLS.—*"Conveyance."—Statutes.*—A will is not a "conveyance" wherein a wife must join within §3029 Burns 1914, §2491 R. S. 1881.  p. 459.

3. WILLS.—*Widow's Rejection of Devise.—Widow's Rights as against Creditors. — Statute. — Applicability.* — Section 3014 Burns 1914, §2483 R. S. 1881, fixing the widow's interest at one-third of her husband's real estate as against creditors, up

to a specified amount, has no application where the widow elects to take under the statute instead of under the will; there being no question presented as between the widow and creditors.  p. 460.

4.  JUDGMENT.—*Plea of Former Adjudication.—Requisites.*—In a will contest by a daughter of testator by a former marriage, where defendants set up an alleged former adjudication of heirship adverse to contestant, but the record did not show that such issue had been adjudicated in the former action, it was incumbent upon defendant to plead facts from which it would appear that issue was joined on the question of contestant's heirship and that the question was decided adversely to her.  p. 461.

5.  JUDGMENT.— *Former   Adjudication.*— *Conclusiveness.*— A former adjudication is binding only as between the parties to the issue and those in privity with him.  p. 461.

6.  ESTOPPEL.— *Equitable  Estoppel.*— *Basis.*— The fact that a testatrix, with knowledge of all the facts of relationship, believed that certain relatives were denying the existence of such relationship does not afford the basis of an equitable estoppel.  p. 462.

From Cass Circuit Court; *Paul M. Souder,* Judge.

Action by Fannie Rooney and others against George A. Gamble, executor of the estate of Isaac N. Crawford, deceased, and others.   From a judgment for plaintiffs, the defendants appeal.   *Affirmed.*

*George A. Gamble,* for appellants.
*David E. Rhodes* and *Russell B. Rhodes,* for appellees.

EWBANK, C. J.—This was an action by the appellees to recover possession and quiet the title of certain real estate.   The complaint alleged that Isaac N. Crawford died testate the owner of said real estate, and by his will devised it to the appellees, in the manner as stated, subject to certain charges for the benefit of his widow during her life; that the widow duly made her election to take under the law instead of under the will, and took and held an undivided one-third of such real estate until her death; that she died leaving a will which was duly probated naming appellant Gamble as executor

with power to sell real estate, and that he had qualified thereunder as executor and was collecting rents from said real estate; that, after certain bequests of money to be paid by said executor, she devised by her will all of the residue of her property, real and personal, to the other appellants, and that all of the appellants are claiming title under her will to said real estate devised by Isaac N. Crawford to the appellees, which claim is adverse to and a cloud upon the title of appellees; that said widow was the childless second wife of said Isaac N. Crawford, and he left surviving him a daughter by a former marriage, named Adelia H. Griffin, to whom he devised certain other real estate, and that she and the widow were his sole heirs.

There was a further allegation "that said defendant Adelia H. Griffin, and the said (widow)    *    *    *    and executor and her residuary legatees as grantee from her the said Adelia H. Griffin, to said widow, are asserting some    *    *    *    interest in said real estate through her as heir of the said Isaac N. Crawford, and the remaining defendants, other than Adelia H. Griffin, are asserting some    *    *    *    interest    *    *    *    as devisees under the last will" of said widow.    Appellants treat this as an admission that whatever interest, if any, the daughter had in the real estate had vested in themselves under the will of the widow, and, while no facts are directly averred to that effect, we shall so treat it.

Appellants and each of them demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and appellants excepted.    Appellants then filed an answer of four paragraphs, of which the first paragraph was afterward withdrawn.    The court sustained a demurrer by each of the appellees to each of the remaining paragraphs of the answer, to which ruling the appellants excepted.    Appellants refusing to

amend or plead further, the court rendered judgment in favor of appellees for the recovery of the real estate and quieting their title thereto as against appellants, and the appellants perfected an appeal.

The question presented by the demurrer to the complaint is what interest, if any, persons who were not children of the testator took under a devise to them of real estate in fee simple, where the testator left a childless second wife and a daughter by a former marriage, and the will assumed to dispose of all the testator's property, but the widow rejected the provision made for her therein and filed her written election to take under the law.

The statutes to which a construction must be given in order to answer this question read as follows: "If a man die intestate leaving surviving a second or other subsequent wife without children by him, but leaving a child or children or their descendants alive, by a previous wife, such surviving, childless, second or other subsequent wife, shall take only a life estate in one-third of the lands of her deceased husband, and the fee thereof shall at the death of such husband vest at once in such child or children, or the descendants of such as may be dead, subject only to the life estate of such widow." §3019 Burns 1914, Acts 1901 p. 554.

"A surviving wife is entitled, except as * * * (relates to her rights against creditors) to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death: *Provided,* That if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions." §3029 Burns 1914, §2491 R. S. 1881.

"All persons, except infants and persons of unsound mind, may devise, by last will and testament, any interest, descendible to their heirs, which they may have in any lands * * * to any person or corporation * * *." §3112 Burns 1914, §2556 R. S. 1881.

And the act of 1907 provided, in substance, that a wife shall take only the provision made for her in her husband's will unless she shall file her election in writing, duly signed and acknowledged, within the time allowed, stating that she "elects to take the interest in such estate that is given to * * * her under the laws * * * of the state of Indiana," in which case she shall receive none of the provisions made for her by the will. §§3045, 3047 Burns 1914, Acts 1907 p. 73, §§1, 3.

Isaac N. Crawford, through whom all the parties to this action claim title, did not die "intestate" to any greater extent than the election of his widow to

1. take under the law may have operated to make him intestate. His will assumed to devise and bequeath all of his property of every kind, and unless and until a proper notice of election was filed by the widow no part of his property could pass by descent. And her election, when filed, did not make him "intestate" as to any greater interest in this land than the law would give her if he had been intestate. She being a childless second wife, and there being a surviving daughter of the testator by a former marriage, the interest in his real estate as to which the widow could set aside the will by such an election was only a life estate in one-third, and the residue passed under the will to the devisees as it would have done if she had not made an election. Many years ago a statute limiting to a life estate the interest of a childless second wife in the real estate of her husband who died, in substantially the same language as the one now in force (Acts 1899

p. 131, §2), was construed by the Appellate Court of Indiana as vesting in her only a life estate in case he died testate, and she rejected the provision made for her by law, and elected to take under the will, and the court held that the reversionary interest vested in the devisees, saying: "When the widow elected to take under the law, she took what the then existing law gave, which was a life estate only, and the one-third in fee * * * passed, under the provisions of the will, to the children of the testator," the residue having been devised to such children. · *Garrison* v. *Day* (1905), 36 Ind. App. 543, 550, 76 N. E. 188, 190.

We should hesitate to set aside the construction given to a statute by a court of last resort of this state which has stood as a rule of property affecting titles to real estate for seventeen years, even if we doubted the wisdom of giving it that construction in the first place. The demurrer to the complaint was properly overruled.

The second paragraph of the answer alleged, in substance, that the will was executed without the knowledge or consent of the wife, that she did not join in its execution, and that the husband concealed its execution from her.

Appellants base an argument upon the assumption that the real estate devised to the appellees was real estate owned by the husband during the marriage 2. "in the conveyance of which she (the wife) may not have joined, in due form" (§3029 Burns 1914, *supra*), and that the rights of the widow were the same as if the husband had parted with his title before his death, and she had not joined in the deed. But her interest in any real estate which he owned at the time of his death and attempted to devise by his will is determined by the special provisions of the statute on that subject, and not by general provisions meant to cover cases not specially provided for. A wife cannot join in

the "conveyance" of her husband's lands by his will, and her ignorance of its contents until after his death left her only the right to elect whether she would take under its provisions or would take the provisions made by law for a wife whose husband should die intestate.

Neither does that statute control which fixes the widow's interest at one-third as against creditors, up to a certain amount (§3014 Burns 1914, §2483 R. S. 1881), no question being presented as between the widow and creditors.

The third paragraph of the answer alleged that Adelia H. Griffin brought an action to contest the will of Isaac N. Crawford, and alleged in her complaint in that action that she was his daughter, that the will was unduly executed, that its execution was induced by undue influence, and that Isaac N. Crawford was of unsound mind; that the appellees and the widow were parties defendants in that action, and that appellees answered the complaint by a general denial, while the widow answered only that she had elected to take under the law and not under the will; that the cause was tried upon the issues joined on these answers and there was a finding for the defendants, including these appellees, that the testator was of sound mind, that the will was executed, but its execution was not procured by undue influence, and that the testator had been divorced from the mother of Adelia H. Griffin, and had thereafter married his said second wife. And it was alleged that a judgment was entered on such finding that the will was valid, that the probate thereof was confirmed, and that the second wife was "entitled to her full rights as the widow of said Crawford in his estate as provided by the laws of the state of Indiana."

The pleadings and record entries in the former action were set out at length. Under her complaint to contest the will, Mrs. Griffin had the burden of proof to es-

tablish, not only that she was a daughter of the 4, 5. decedent, but also that his will was invalid by reason that it was not properly executed, or that its execution was procured by undue influence, or that the testator was of unsound mind. The record in the former action affirmatively shows that she failed to prove any of these causes for setting the will aside, and that the court adjudged the will to be valid. But it does not show that she failed to prove herself the daughter of the testator, while the court did find that her mother was once the testator's wife. In order to show that Mrs. Griffin was adjudged not to be a daughter, the appellants had the burden in the case at bar affirmatively to plead facts from which it would appear that issue was joined on the averment that Mrs. Griffin was a daughter, and that the court decided she was not; but the facts pleaded merely show that the court decided other issues against her, by which her action would necessarily fail, and do not affirmatively show that her relationship to the testator was controverted at the trial. Moreover, the answer does not disclose that any issue at all was joined as between the widow and these appellees. And a former adjudication is only binding as between the parties to the issue and those in privity with them.

The fourth paragraph of the answer pleads the same facts as the third paragraph, with the further allegations that the widow believed appellees were in good faith denying that Mrs. Griffin was the testator's daughter, and continued to rely on that belief until her death. But she did not join issue with appellees, nor even with Mrs. Griffin on that question, and filed an answer to the complaint of Mrs. Griffin amounting to an implied confession that Mrs. Griffin was the testator's daughter, as she alleged; and it is not made to appear that the widow was ignorant of the real fact as to Mrs. Griffin's rela-

tionship, but this paragraph only alleged that she was led to believe that appellee denied it; nor does this paragraph allege that she ever did or omitted to do anything by reason of such acts of the appellees or her alleged belief which she would not have done and omitted otherwise.

Mere allegations that, with knowledge of the real facts, but believing that appellees were denying that such facts existed, she made a will bequeathing certain money to persons named, authorizing the sale of her real estate generally to pay legacies, and devising and bequeathing the residue of the estate, real and personal, to certain relatives, do not show the existence of the elements of an equitable estoppel. *Roberts* v. *Abbott* (1891), 127 Ind. 83, 89, 26 N. E. 565; *Taylor* v. *Griner* (1914), 55 Ind. App. 617, 622, 104 N. E. 607.

Neither paragraph of the answer stated facts sufficient to constitute a cause of defense.

The judgment is affirmed.

Townsend, J., absent.